EATON
v.
BENEFIELD.

## EATON, Associate Judge, &c. *v.* BENEFIELD and Another.

The statute requiring executors and administrators to give bond with surety, imposes on them no new duties; but it gives an additional remedy to creditors, legatees, and persons entitled to distribution.

A creditor cannot sue on an administration-bond, until after he has obtained judgment against the estate of the intestate.

A legatee, distributee, or creditor, until his claim has been exhibited and established according to law, and the payment thereof has been refused by the executor or administrator, is not a party injured within the meaning of the statute, and can have no suit for his benefit on the executor's or administrator's bond.

The declaration on a bond of an executor or administrator, must show the relator to be a creditor, legatee, or distributee.

Saturday,
May 12.

APPEAL from the *Sullivan* Circuit Court.

SCOTT, J.—To an action of debt on an administration-bond, the defendants pleaded plene administravit; to which plea the plaintiff demurred; and there was a judgment for the defendants.

The action is brought in the name of *John H. Eaton*, associate judge of *Sullivan* county, on the relation of *Jesse Hadden* and *Henry Harper*. We are not informed by the record, who these relators are, or in what capacity they come before the Court; whether as legatees, as persons entitled to distribution, or as creditors of the deceased; or whether they have any interest at all in the estate. It was decided by this Court, in the case of *Songer* v. *The Associate Judges of Dearborn*, at the *May* term, 1823, that in such an action as the present, it must appear that there was a relator who had a beneficial interest in the suit (1). It was not decided, nor was it necessary to decide, in that case, what steps were requisite, prior to bringing suit on the bond, to show the relator to be beneficially interested. Although the administrator may have violated the condition of his bond, and thereby laid himself and his sureties liable to the party injured, yet he is not liable to all the world; nor is he liable even to creditors or legatees, until they have sustained injury by his misconduct or negligence. In *England*, no bond is required of an executor; and the statute, 22 and 23 of Car. 2, which requires administrators to give bond and security, imposes no new duty on the administrator. Neither does the sta-

tute of this state.    The duty of executors and administrators, both here and in *England*, remains just as it was before; but creditors, legatees, and persons entitled to distribution, have an additional remedy for its performance.    The statute requiring bond was made for the benefit of creditors, legatees, and distributees of the deceased; but it would be unreasonable and unjust, that they should be permitted to avail themselves of that remedy, against an innocent surety, before they have shown the nature and amount of their claims, that assets to a certain amount came to the hands of the administrator, and that he has misapplied or wasted them.

The form of an administration-bond in *England* is the same as that required by our statute; yet no one ever thought of claiming a judgment against an administrator *de bonis propriis*, in that country, before he had obtained a judgment against the estate of the deceased.    After judgment obtained against the administrator *de bonis intestati*, there were various methods of proceeding to obtain judgment against him *de bonis propriis*, which we need not now examine. . All that is necessary at present is to show that no judgment could be had, by a creditor, against an administrator *de bonis propriis*, in *England*, until the plaintiff had first established his claim against the estate of the intestate in a due course of law.    Sergeant *Williams* has given a copious and satisfactory view of this subject, in a note on the case of *Wheatly* v. *Lane*, 1 Saund. 219, n. 8.

The administration-bond is joint and several. . If the obligors are liable to a joint action, they are liable also to be sued severally; and the judgment against them whether joint or several is *de bonis propriis*.    Thus, not only would the administrator be liable to an action and judgment against his own goods, where no judgment had been obtained, and where possibly none ever could be obtained, against the estate of the intestate; but an innocent surety also might be dragged into Court in a several action against himself, founded on an alleged claim against the deceased, of the merits of which he could not be supposed to be cognizant, and against which he possessed no means of defence. *Greenside* v. *Benson*, 3 Atk. 248.—*Braxton* v. *The Justices of Spotsylvania*, 1 Wash. R. 31.—*Gordon's administrators* v. *The Justices of Frederick*, 1 Munf. R. 1.—*Catlett et al.* v. *Carter's executors*, 2 Munf. R. 24. In our statute,

May Term, the general assembly seems to have had an eye to the same
1827.
course of proceeding. R. C. 1824, p. 323.

EATON          The same rule applies to legatees and distributees; although
v.          they may not in all instances have to take the same steps, yet
BENEFIELD,   they must present their claims in such a way as to make it the
duty of the administrator or executor to pay. They must oc-
cupy such ground that, in refusing or neglecting to discharge
their claims, he so far violates his duty as to subject himself,
independently of the bond, to a judgment *de bonis propriis.*
R. C. 1824, p. 321, sec. 18.

Any person, whether legatee, distributee, or creditor, whose
claim has not been exhibited and established according to law,
and refused by the administrator, is not a party injured within
the meaning of the statute, and has no right to the possession of
the bond, nor to have a suit brought upon it at his instance and
for his benefit; and where the right of suing on the bond is
abused, it is the duty of the Court to interfere and stop the
proceedings. 1 Johns. Rep. 311. It is not shown or even al-
leged that the relators, in this case, are either creditors or per-
sons entitled to distribution. For aught that appears in the
declaration, the action would have been as well brought on the
relation of *John Doe* and *Richard Roe.*

It is unnecessary to examine the plea. The demurrer *brings*
the whole case before the Court. The declaration is defective,
and the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*Judah,* for the appellant.
*Tabbs,* for the appellees.

(1) Vol. 1. of these Rep. 251. When suit is brought on a bond given by an execu-
tor or administrator, or by any state, county, or township officer, to the state, governor,
judges, sheriff, or other civil officer, for the performance of any duty or trust, the person
for whose use the suit is instituted, must endorse on the process for whose benefit the
same was issued; and, if he fail in the suit, he is liable for costs. R. C. 1831, pp.
402, 403.

In actions of ejectment, actions in the name of the state for the use of any person,
actions in favour of a nominal plaintiff for the use of another person, the defendant, if he
obtain judgment, may, in lieu of the order and attachment for costs heretofore allowed,
take a judgment for costs against the lessor, relator, or person for whose use the suit is
brought. Stat. 1833, p. 113.