HUNT *v*. WHITE.

Proceedings must first be had between the ward and his guardian, requiring the latter to account, before the ward can sustain an action against the guardian and the sureties on his bond.

ERROR to the *Dearborn* Probate Court.

PERKINS, J.—In *September*, 1842, *Thomas J. White* brought his bill on the chancery side of the *Dearborn* Probate Court, against *John White* and *Jesse Hunt*, charging that, in the year 1827, the former was appointed, by said Probate Court, guardian of the person and estate of the plaintiff, and that he executed a bond as such guardian, with said *Jesse Hunt* as his surety: that said bond was lost; that its conditions had been broken, &c.; and prayed a discovery and relief.

*Tuesday,
June 6.*

*Hunt* answered, denying the allegations in the bill. *White* died, having never appeared to the suit, nor been served with process. Neither his personal representatives, nor his heirs, were made parties. At the *May* term, 1844, the plaintiff obtained leave to amend and make new parties; and, at the next succeeding term of the Court, he filed an amended bill against *Hunt* alone, containing the matter of the original bill, and also the allegation that the lost bond had been found. There was a decree in the Probate Court against the defendant, *Hunt*.

We think this decree must be reversed, and the bill dismissed.

It is said in *The Governor* v. *Shelby*, 2 Blackf. 26, that the surety of an administrator is not liable to an action for a *devastavit* of the latter, till the *devastavit* has been established in separate proceedings against the administrator or his representatives. Upon principle, we do not see why the law governing the sureties of administrators, in this particular, should be different from that applicable to the sureties of guardians, and it seems that it is not. *Wiser* v. *Blachley, et al.*, 1 John. Ch. Rep. 607, was a bill by the ward against the guardian and the executors of his surety, charging a *devastavit* of the ward's estate, and

praying an account and payment from the guardian and said executors. There was also a question, which the chancellor treated as the main one in the case, upon the validity of the guardian's bond on account of a mistake in it. The chancellor decreed the bond valid as against all parties to it, but held that there could be no further proceedings against the executors of the surety till an accounting had been had between the guardian and ward, and a demand against the former and his inability to pay it, established. *Stillwell et ux.* v. *Mills et al.*, 19 John. 304, is a later case. It was an action at law by the ward against the guardian and his sureties on their bond. Demurrer to the declaration sustained. The Court say:

"It does not appear that the accounts of the guardianship have been settled by the parties, or that any proceedings have been had before the chancellor requiring an account of the guardian. Until the accounts are thus settled, an action cannot be sustained on the bond." And again: "a guardian must be first called to account before the surety is liable."

It seems to us the rule on this point should be the same at law and in equity. If the surety is not rightfully liable on his bond till the demand is established against the principal, he should be exempt from suit in chancery equally as at law.

It is unnecessary that we should inquire whether, in this case, the jurisdiction in chancery was ousted by the finding of the bond before the filing of the amended bill (1).

*Per Curiam.*—The decree is reversed with costs, &c.

*J. Ryman*, for the plaintiff.

*E. Dumont*, for the defendant.

(1) This case is overruled. See *The State* on the Relation of *Shannon* v. *Strange, post.*