Blackford, J.
— “We agree with the defendant that the legacy of the notes and mortgage, if there be such legacy, did not lapse by the death of Resin Cryst in the life time of his father. By virtue of the statute, the legacy, if any, passed to William Cryst, the infant son and heir of Resin, as it would have passed to Resin himself had he survived the testator. R. S. 1843, p. 489, §23. But whether there is, in fact, any such legacy is another question. Previously to the Revised Statutes of 1843, the testators sale and conveyance in fee to the defendant of the land, and his taking a mortgage on the land to secure the price, after the execution of the will, would have been a revocation of the will as to said land. Adams v. Winne, 7 Paige, 97. The defendant contends, however, that this rule is so changed by the 17th section of chapter 30, of the Revised Statutes of 1843, that the notes and mortgage in question are now to be considered, under the circumstances of this case, as specifically bequeathed by the will. Whether this position of the defendant is correct or not, we shall not stop to enquire. Admitting, for the sake of argument, that William Cryst is the specific legatee of the notes and mortgage, that specific bequest is not sufficient, of itself, to defeat the present action.
“ It was the executor’s duty, by statute, to inventory, among other things, all bonds, mortgages, notes, and other securities for the payment of money. R. S. p. 515. There is also the following statutory provision: ‘ When any mortgagee of real estate, or any as-signee of such mortgagee, shall die without having: foreclosed the equity of redemption, or recovered payment of the amount secured by such mortgage, the mortgaged premises and the debt secured *374 thereby, shall be considered as personal assets in the hands of his executor or administrator, and shall be administered and accounted for as such; and such executor or administrator as such, shall have the same right to possession of the mortgaged premises, and to bring any suit or action respecting the same, or for the recovery of the debt secured thereby, and to execute, discharge, or perform any duty, act, or power, contained in such mortgage, or in the provisions of any law, as such mortgagee or assignee could, if he was alive.’ R. S. p. 572.
“ There can be no doubt, therefore, but that the notes and mortgage before us, supposed by the defendant to be specifically bequeathed, are part of the personal estate of the testator.
“ It is well settled that before any legatee of personal property is entitled to his legacy, he must have the assent to it of the executor. The doctrine is thus stated: ‘The whole personal property of the testator devolves upon his executor. It is his duty to apply it, in the first place, to the payment of the debts of the deceased; and he is responsible to the creditors for the satisfaction of their demands, to the extent of the whole estate, without regard to the testator’s having, by the will, directed that a portion of it shall be applied to other purposes. Hence, as a protection to the executor, the law imposes the necessity that every legatee, whether general or specific, and whether of chattels real or personal, must obtain the executor’s assent to the legacy before his title as legatee can be complete and perfect. Hence, also, the legatee has no authority to take possession of his legacy without such assent, although the testator, by his will, expressly direct that he shall do so; for if this were permitted, a testator might appoint all his effects to be thus taken, in fraud of his creditors. ⅜ * * It follows from the rule respecting the necessity of the executor’s assent, that if, without it, the legatee takes possession of the thing bequeathed, the executor may maintain an action of trespass or trover against him : So, although a chattel, real or personal, specifically bequeathed, be in the custody or possession of the legatee, and the assets be fully adequate to the payment of debts, he has no right to retain it in opposition to the executor; by whom, in such case, an action will lie to recover it.’ 2 Williams on Executors, 982-3.
If the executor refuse his assent to a legacy without cause, the legatee is entitled to relief in equity. Id. 984; 1 Roper on Leg. 573.
*375 The following is a late case on this subject:—
“A testator bequeathed to Ms two sons his two carriage matin-factories, with all fixtures, implements, tools, stock, job-earring'v, harness, and every thing appertaining to his trade in the said man-ufactories. At the time of the testator’s death, a carriage was in one of the manufactories, unfinished, which was being built to the order of a purchaser. A question arose between the executors and the sons, whether this carriage fell within the above bequest; and the executors paid the legacy duty on the whole, but annexed the following memorandum to the legacy receipt:—
“ ‘A disagreement arising between the sons S'. and T. and the executors as to whether the whole of this item belongs to the said sons, or part to the residue, the executors desire to pay the duty on the whole, leaving it for them to settle with the legatees the proportion of duty, when the matter in dispute shall be determined.’ The sons retained possession of and finished the carriage, delivered it to the purchaser and received the price. The executors thereupon brought an action against the sons for money had and received; and the action was sustained on the ground, that the executors hod not assented to the legacy. Lord Abingcr said, ‘ 1 see no evidence of assent to the taking of this particular chattel by the defendants. Putting the case in the strongest way for them, that the executors had assented to the bequest of the stock, they yet expressly withheld their assent as to this carriage, supposing that it did not form part of the stock in trade, or at least wishing for time to make up their minds whether it came within that description of property or not. And we have no right to consider whether they were right in thus withholding their assent or not; that is a question for the consideration of a court of equity, on a bill filed; but the legatee can mantain no action at law until the executor has assented to the bequest. Here, for some reason, good or bad, the executors had withheld their assent; and they had a right to do so until compelled by a competent authority.’ Elliott and Others v. Elliott and Others, 9 Mees. & Welsb. 23.
“ This is a suit by an executor on notes given by the defendant to the testator, the notes being secured by a mortgage on real estate. The defence is, that the notes and mortgage were specifically bequeathed to ope William, Cryst, in whose name the suit should have been brought.
We have shown that the notes and mortgage are part of the per *376 sonal estate of the testator, and that, supposing them to have been specifically bequeathed by him, they cannot be said to be the property of the legatee until the executor shall have assented to the legacy. No such assent being shown the defence must fail.
“ A debtor to an estate, when the debt has been specifically bequeathed by the testator, cannot, before the executor has assented to the legacy, say to the latter ‘I will not pay you.’ The Bank of England v. Parsons, 5 Ves. 665.
“ Whether if the executor had assented to the legacy, the suit on the notes should not still be in his name, we have not examined.”
Judgment affirmed, &c.