Nov. Term,
1849.

The State
v.
Strange.

The STATE on the Relation of SHANNON *v.* STRANGE
and Others.

A ward may sue his guardian on his bond without first establishing
claims against the latter in his trust capacity.

A settlement by a guardian with the Probate Court, after his removal, may
be given in evidence in a suit against him by his ward, and is *prima
facia* correct.

Wednesday,
December 5.

ERROR to the *Hendricks* Circuit Court.

PERKINS, J.—Debt by the state on the relation of *Harvey
G. Shannon* against *Edward Strange, Wesley B. Sears*, and
*Martin Gentry*, upon the bond of said *Strange*, given as
the guardian of the relator.

The declaration contains two counts. In the first, six
breaches are assigned; in the second, none. Demurrers
to the 1st, 2d, 4th, and 5th breaches of the first count
were sustained, and likewise a demurrer, upon oyer of
the bond being granted, to the second count. The 3d and
6th breaches, assigned in the first count, led to issues of
fact which were tried by a jury. Verdict and judgment
for the defendant. The evidence is upon the record. No
previous proceeding had been instituted by the ward,
*Harvey G. Shannon*, separately against said *Strange*, his
guardian, to establish a claim against him in his fiduciary
capacity.

The first question raised is, whether this suit will lie.
It was held in *Weiser* v. *Blatchly et al.*, 1 John. Ch. R. 607,
and in *Stichwell et ux.* v. *Mills et al.*, 19 John. R. 304, that
a suit could not be sustained against a guardian and his
sureties until after a separate suit by the ward against the
guardian, in which a claim should be established against
the latter in his trust capacity; but by our statutes, as we
understand them, a suit is expressly authorized against the
guardian and his sureties in the first instance. Sections
395, 400, 411, 421, pp. 559, 561, 562, 564, of the R. S.,
seem to us to authorize suits on the bonds of administra-
tors against them and their sureties without the previous
establishment of *devastavits* against the administrators;
that is, without the previous establishment of claims

upon them personally, and to allow proof of such claims to be adduced in the suits on the bonds; and section 103 of said statutes, p. 611, enacts that, "any bond given by a guardian may be put in suit by the ward or any other person entitled to the estate; and the suit in such cases shall be conducted in like manner as is provided, with respect to suits on the bonds of executors and administrators." We think the suit rightly brought. The demurrer to the second count of the declaration was correctly sustained. The suit was upon a bond not for the payment of money, and was commenced after the passage of the act of 1847, (Laws 1847, p. 112,) which requires the breaches, in suits upon such bonds, to be assigned in the declaration. Whether the Court erred or not in sustaining the demurrers to the 1st, 2d, 4th, and 5th breaches is immaterial, as the whole merits of the case were tried upon the issues upon the pleas to the 3d and 6th breaches.

The 3d and 6th breaches were, that *Strange*, the guardian, had received 500 dollars of the moneys of the ward, for which he had failed to account, either to the Probate Court, or to the ward on demand; pleas, that the guardian had accounted to the proper Probate Court, &c.

Replications, that he had not so accounted. On the trial the defendant proved that complaint had been made against *Strange*, as guardian, and that he had been removed from his trust by the Probate Court. They also proved that after his removal he settled his guardianship account with the Probate Court, delivered over the effects in his hands as guardian, and was duly discharged by the Court. The plaintiff objected to the proof of this settlement, because it was made *ex parte* after the guardian's removal; but we think a fair construction of sub-section 4 of section 92, R. S. 609, authorized the settlement to be made. It was, therefore, a legal one, and hence rightly given in evidence.

The Court instructed the jury that it was *prima facie* correct. Such has been the repeated decision of this Court in regard to such settlements; and as the plaintiff

Nov. Term, 1849.

THE STATE v. STRANGE.

gave no evidence impeaching its accuracy, the judgment for the defendant was right (1).

*Per Curiam.*—The judgment is affirmed, &c.

*C. C. Nave,* for the plaintiff.

*J. S. Harvey,* for the defendants.

(1) This case overrules the opinion of the Court, rendered in the case of *Hunt* v.*White, ante,* p. 105.