*Nov. Term, 1851.*

FILLINGIN
v.
WYLIE.

---

FILLINGIN and Wife *v.* WYLIE and Others.

A bill will not lie by the children of an intestate before a final settlement of the estate and an order of distribution of the personal assets, against a third person for having received from the administrator personal property of the intestate, and wasted the same.

APPEAL from the *Posey* Probate Court.

SMITH, J.—This was a bill in chancery, filed by *Elizabeth, Nancy,* and *Samuel Wylie,* suing by their guardian. It alleges that *James Wylie,* who was the father of the

*Wednesday, December 3.*

complainants, died in 1838, leaving five children, to-wit, the complainants and *George* and *Lytle Wylie*, all then, and still, being minors; that their said father left a farm of 160 acres, 53 acres being cleared land, upon which the complainants and the other children continued to reside with their mother, *Sarah Wylie;* that their said father also left personal property amounting to about 558 dollars more than was necessary to pay his debts, and, he dying intestate, his brother, *Lytle Wylie*, took out letters of administration; that the widow, *Sarah Wylie*, was entitled to 100 dollars of said personal assets, which portion, with the income from the farm, was insufficient to support the family, and that the administrator, in consequence of her destitute condition, permitted the widow to keep a portion of the personal property of the intestate, at its appraised value, amounting to 558 dollars; and also advanced to her, at different times, money and goods of the estate to the value of about 80 dollars; that 17 acres of land was cleared with their money, costing them 88 dollars, which increased the cleared land of the farm to 70 acres; that the said widow, *Sarah*, intermarried with *Fillingin*, in 1844, and, since said marriage, she, with her husband, have had the use of said land, which was worth 1 dollar and 75 cents per acre for the portion of it that was cleared.

The bill further charges that no guardian was appointed for the complainants until 1845; that said money and personal property was received by said *Sarah*, for the sole use and benefit of the heirs of said *James Wylie;* that said *Sarah* and her husband, *Fillingin*, have wasted and converted the whole of said property to their own use; and that the complainants have demanded a settlement of *Fillingin* and wife, which they have refused to make.

Prayer for an account to be taken between the complainants and the defendants, and that the latter be decreed to pay the former what is equitable.

The defendants, *Fillingin* and wife, answered. They admit the death of *James Wylie*, &c.; they say the personal property of the intestate, which came to the hands of the administrator, amounted to about 2,100 dollars,

and that the debts of the estate did not exceed 500 dollars; that the widow's distributive share was about 600 dollars, and the administrator, therefore, allowed her to take said personal property at its valuation, as her portion of said estate; they deny that they, or either of them, received any other money, or property, or anything whatever, in trust for the complainants. They say, that, after the widow had thus received her portion, the administrator wasted the greater part of the estate remaining to be distributed. They deny that any part of the land was cleared with the money of the complainants. They admit the occupation of said land, with said heirs, until the dower was assigned in 1846, and deny that they have since occupied any portion of it. They allege that, at the death of their father, said *Elizabeth* was about six years, said *Nancy* four years, and said *Samuel* ten months old, and that the cost of their maintenance greatly exceeded the amount of property taken by their mother, and the value of the rents. They further allege that after the marriage, the complainants, by their guardian, sued said *Fillingin* for the rent of the farm for the years 1844 and 1845, in which suit he filed an offset, and at the *March* term, 1846, of said Circuit Court, the complainants recovered a judgment for 16 dollars, which the defendants have paid.

The cause was heard upon the bill, answer, exhibits, and depositions, and the Court rendered a decree in favor of the complainants for 187 dollars and 39 cents. From that decree the defendants appeal to this Court.

An exhibit accompanying the bill, sets out certain items of personal property, which the administrator permitted the female defendant, as the widow of *James Wylie*, to take and retain at their appraised value. They consisted of household goods, and the implements and livestock of a farm.

From the proceedings of the administrator, which were read in evidence, it appears that he had filed, in the Probate Court, several accounts current purporting to show

Nov. Term, 1851.

FILLINGIN
v.
WYLIE.

HARVARD LAW SCHOOL LIBRARY

the balances remaining in his hands at different periods, but he had made no final settlement, and no division or distribution of the assets had been made or ordered. Such being the case, we think it is quite clear that the complainants could not, in this suit, require the defendants to account for the personal property so received. If the defendants were liable to account or pay for it, the administrator was the proper person to bring the suit. He, only, could sue for personal property belonging to the estate, and if he neglected to make a settlement in due time, or if he permitted such property to be wrongfully taken, and neglected to take the necessary steps for its recovery, other parties interested would have appropriate remedies as against him.

As to the real estate, it appears that the female defendant continued to occupy the farm of her first husband until her marriage with *Fillingin*, in 1844. During this period, the children, including the complainants, were supported and educated by her as their natural guardian. The value of the annual rental, at the highest estimate placed upon it, after deducting the one-third to which she was entitled as her dower, could not have exceeded about 75 dollars, and this must be considered a very moderate allowance indeed for the expenses of the children. It does not appear that any compensation was made, for the support of the complainants during that period, except the slight services which they rendered in the family, and we think they are not equitably entitled to claim any sum as due to them for the use and occupation of their portion of the land.

After their marriage, the defendants continued in the occupation of the farm about two years, but the complainants sued and obtained a judgment against them for the rent due for those years, which judgment the defendants satisfied.

We are of opinion, therefore, that no claim has been established by the complainants which entitles them to a decree against the defendants.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, with instructions to the Circuit Court to dismiss the bill.

*A. P. Hovey*, for the appellant.

*J. Pitcher*, for the appellees.