The State on the Relation of PIERSON *v.* BOWDEN.

The admission of an administrator that a claim against the estate is just, or an order of the Probate Court that it shall be paid, is, under the R. S. 1843, a sufficient establishment of the claim.

After the claim has been thus established, the creditor must make a demand of payment of the administrator, before suit can be maintained upon his bond for its non-payment.

ERROR to the *Martin* Circuit Court.

SMITH, J.—This was an action of debt on the bond of an administrator against *Bowden* one of the sureties. The breach alleged is, that on the 27th of *December*, 1840, the relator obtained a judgment for 108 dollars against the intestate, who was then living; that after the death of the intestate, to-wit, on the 3d of *November*, 1841, the bond sued upon was made and the administrator qualified; that

on the 5th of *November*, 1842, a transcript of the judg-
ment was filed in the Probate Court of *Martin* county,
admitted to be correct by the administrator, and allowed
by the Court for payment out of the estate; that after-
wards, during the year 1844, the administrator collected
the sum of 300 dollars, due the estate, and paid out the
same on debts of an inferior class which should have
been postponed until after payment of that of the rela-
tor; that the estate was and is insolvent; and that the
relator's judgment remains in full force and unpaid.

A demurrer was sustained to the declaration, and judg-
ment was rendered for the defendant.

One of the objections made to the declaration is the
want of an averment that the plaintiff had obtained a
judgment against the estate of the intestate. The case
of *Eaton* v. *Benefield*, 2 Blackf. 52, is cited in support of
this objection, but it is not applicable. The Revised Sta-
tutes of 1843 provide that—

" After a creditor is entitled by law to the payment of his
debt from the executor or administrator, out of moneys pro-
perly applicable thereto, which shall have come into the
hands of such executor or administrator, and the amount
of his claim has either been admitted to be just, or allow-
ed by such executor or administrator, or has been ascer-
tained by judgment or award, or by an order of the Pro-
bate Court for the payment thereof on distribution, the
bond given by such executor or administrator may be put
in suit by such creditor, if the executor or administrator,
upon demand made, shall neglect or refuse to pay such
claim." Section 400, p. 561.

It is averred in the declaration that the relator's de-
mand was admitted to be just, and also that the Probate
Court had ordered its payment; and either of these acts,
under the statute then in force, would have been a suffi-
cient establishment of the claim.

But it is also objected to the declaration that there is
no averment of a demand of payment of the administra-
tor, and this is a fatal defect. The statute above quoted
evidently requires a special demand to be made of the

Nov. Term,
1852.

THE STATE
v.
BOWDEN.

Nov. Term,
1852.

administrator, in cases like the present, before suit can be brought upon his bond.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Watts*, for the plaintiff.

*G. G. Dunn*, for the defendant.