THE STATE on the relation of BENTON *v.* RAILSBACK and Another.

It is not necessary, in order to maintain an action against the surety on a guardian's bond, that a judgment should first have been obtained against the guardian.

APPEAL from the *Wayne* Court of Common Pleas.

STUART, J.—Suit on the bond of *Wood*, as the guardian of *James Smith*, an insane person.   *Wood* was defaulted. The other defendant, *Railsback*, demurred.   Demurrer overruled.   By consent, the Court assessed the damages at 565 dollars and 81 cents, and judgment accordingly. *Railsback* appeals.

The only question raised by the demurrer, is, that the complaint is defective for not alleging proceedings and judgment against *Wood* as such guardian.   It is insisted that suit can not be maintained on the bond against *Railsback*, until such judgment has first been had against *Wood*. But no authorities are cited in favor of the position.   And if any reliance is placed on *Eaton* v. *Benefield*, 2 Blackf. 52, the scope of that decision is wholly misconceived.

There is no analogy between the two cases. Besides, all those cases must be regarded as overruled by the ruling in *The State* on the relation of *Shannon* v. *Strange* and Others, 1 Ind. R. 538.

The complaint alleges that on the 15th of *April*, 1854, *Wood*, as guardian, settled with the *Wayne* Court of Common Pleas, showing a balance of 492 dollars and 23 cents in his possession, as such guardian, of moneys belonging to *Smith*, and a demand, &c. These, and all the material allegations of the complaint, are admitted by the demurrer. The judgment is an inevitable conclusion flowing from this admission.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*J. S. Newman* and *J. P. Siddall*, for the state.
*J. B. Julian* and *W. P. Benton*, for the appellees.