May Term,
1860.

BRANCH
v.
HOLCRAFT.

---

BRANCH, Guardian *v.* HOLCRAFT, Executor.

Where a testator made his children residuary legatees, to whom all his property after the payment of debts and specific legacies, was to pass as legatees, not as heirs, giving his executor control of the property during their minority, it was held that § 137, 2 R. S. p. 280, did not apply so as to pass the control of the property to the guardian.

APPEAL from the *Clinton* Court of Common Pleas.

HANNA, J.—One *Kirk* died testate. This is a controversy between the guardian of his minor children, and the executor of the will under which they are residuary legatees, as to the possession and management of the legacy due them under the said will, during their minority.

The petition of the guardian shows that the debts and specific legacies, and amount due the widow, have all been paid, the claims due the estate collected, &c.; that the assets amount to a large sum, consisting of cash notes and stock in a corporation; that the same is susceptible of distribution, and avers that it would be to the benefit of the wards to invest the same in real estate, &c.

Section 137, 2 R. S. p. 280, is relied upon by the guardian, and so far as applicable to this case, is as follows: "Where the deceased shall have died intestate, the surplus remaining after the payment of all debts, and in case of a will, after the payment of all debts and legacies, shall be distributed to the legal heirs thereof, according to the law of descent in force in this state."

The executor claims under the will, which provides first, for the payment of the debts of decedent; secondly, gives the widow, during her natural life, or her widowhood,

*Friday,*
*June 1.*

May Term,
1860.

BRANCH
v.
HOLCRAFT.

the use of the personal property, and rents of the lands, &c., or so much as might be necessary for her support, &c., and that of the children named; thirdly, after the purposes aforesaid had been accomplished, the overplus, if any, was from time to time to be "disposed of as to the executors should seem best for the interest of my above-named children;" fourthly, it gave the executor power to sell lands, &c.; fifthly, "I further will and direct, that upon the death of my beloved wife, *Elizabeth*, or her marriage, that all my property, real and personal, shall be divided equally among my three children above named, so soon as they shall arrive at the age of twenty-one years; and if any of my said children should die before arriving at twenty-one years of age, or without issue, then their share is to be equally divided among the survivors of my children above named." The will then makes certain special bequests, and as to his other children, states, without naming them, that he had already advanced to them such sums as would make them equal, &c. The widow chose to take under the law, and was again married, as is shown.

We think that it is manifest from this will, that it was the intention of the testator to make his three children, who are the wards of the plaintiff, his residuary legatees, to whom all his property, after the payment of debts and specific legacies, was ultimately to pass as legatees and not as heirs, and therefore the section of the statute relied on is not applicable; for no overplus, after payment of legacies, &c., would remain to distribute. The management and control of that property was, by the will, given to the executor during the minority of such legatees, subject to the provisions of said will.

The demurrer to the petition was properly sustained.

*Per Curiam.*—The judgment is affirmed with costs.

*N. R. Lindsay,* for the appellant.