THE STATE on the relation of DAGGS v. HUGHES.

An action will not lie upon the bond of a guardian to recover money for which he failed to account on his final settlement with the proper Court, after three years from such final accounting and settlement of his trust, the ward being of full age and under no disabilities.

APPEAL from the *Harrison* Common Pleas.

WORDEN, J.—Suit against *Hughes*, on a bond executed by him as guardian of the relator.

The question presented in this case is, whether an action will lie on the bond of a guardian to recover money for which he failed to account on his final settlement with the proper Court, where the action is not brought within three years after such final accounting and settlement of his trust, the ward being then of full age and under no disabilities.

The Court below decided this proposition in the negative, and we are inclined to concur in that view of the question.

We are not aware of any statute, which, in express terms, limits such action to three years after the guardian has made final settlement. But we think such a legislative intent fairly deducible from several statutory provisions. By § 116 of the act providing for the settlement of decedents' estates (2 R. S. 1852, p. 275), it is provided that no final settlement of an executor or administrator shall be revoked or reopened, except by appeal to the Circuit Court, and the same shall there appear to have been illegally made: *Provided*, That any person interested in the estate may have the settlement set aside for mistake or fraud at any time within three years after the settlement. Persons under disabilities, to have three years after the removal of such disabilities.

It has been held that, under this statute, a final settlement, unless appealed from, is conclusive, except in cases of fraud or mistake. That it was intended to protect the administrator from suits, where the settlement was not appealed from, except in cases of fraud or mistake. *Camper* v. *Hayeth*, 10 Ind. 528. By the terms of this statute, suits to set aside the settlement for fraud or mistake must be brought within three years, saving the rights of persons under disabilities. Again, § 177 of the same law provides for setting aside any judgment, order, or decree, by an infant, within three years after majority, for fraud or mistake. It seems to be clear, that, under these provisions, no suit will lie against an executor or administrator on his bond, which seeks to go behind his settlement, the three years having elapsed, and the steps to

*(margin:)* Nov. Term, 1860.

THE STATE
v.
HUGHES.

*Friday,*
*November* 30.

set the same aside not having been taken; except by persons under disabilities.

We are not aware of any good reason why a settlement made by a guardian, should not be deemed as valid and conclusive as one made by an executor or administrator. Such settlements have always been regarded as *prima facie* correct. *The State ex rel., &c.* v. *Strange*, 1 Ind. 538.

On the subject of suits upon guardians' bonds, we have the following provision: "Any bond, given by any guardian, may be put in suit by any person entitled to the estate; and such suit shall be governed by the law regulating suits on the bonds of executors and administrators." 2 R. S. 1852, § 13, p. 325. The law, we have seen, does not permit a suit on the bond of an executor or administrator, even for fraud or mistake in his final settlement, unless it be brought within three years from the settlement. Suits against guardians on their bonds are to be governed by the same law; hence it would seem to follow, that they must be brought within three years from the final settlement of the guardian.

Settlements made by executors and administrators, and those made by guardians, seem to stand on the same general basis.

This view is supported by the case of *The State, &c.* v. *Strange*, *supra*. Before that case, in *Hunt* v. *White* (1 Ind. 105), it had been held that an action would not lie on a guardian's bond until proceedings had been instituted against the guardian requiring him to account. In the case of *The State* v. *Strange*, it was held that, inasmuch as the statute authorized a suit against an executor or administrator without having first established a *devastavit*, and as the law, then as now, provided that suits upon the bonds of guardians should be governed by the same law as those against executors and administrators, a suit might be brought on the guardian's bond without such previous proceeding; and *Hunt* v. *White* was overruled. There is a close analogy between that case and the one at bar.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. Q. Gresham*, for appellant.

*W. A. Porter*, for appellee.