HEADY ET AL., EXECUTORS, *v.* THE STATE, EX REL. HEADY.

WILL.—*Construction of.*—*Action by Modal Legatee, on Executor's Bond.*—*Breach.* —*Relator.*—*Measure of Damages.*—*Decedents' Estates.*—A testator made a will, containing the following devises, viz.: that his widow should receive, during her life, the rents of his real estate, to support herself and his minor children; that, during her widowhood, she should have all his personal property, except certain chattels, and certain choses in action, one of which was against C., who was one of his executors, the proceeds of which chattels and choses in action were to be applied, first, to the payment of his debts, and the residue to be loaned out by his executors, and the interest thereof applied to the education of his minor sons, A. and B.; that, on the death of his widow and the attainment of their majority by all his children, his daughters, E., F. and G. should each

Heady *et al.*, Executors, *v.* The State, *ex rel.* Heady.

receive a certain sum of money; that his executors should invest a certain.sum for the benefit of his daughter H., which should, at her death, go to her heirs; that all such sums should be paid to them on the settlement of his estate, except the share of H., who was " to have the interest on hers " from the date of the testator's death ; and that the residue of his estate should be equally divided between his sons. A., B., C. and D., the latter two being appointed executors.

An action was brought, on the relation of A., against such executors, on their bond, alleging that the defendants had received the proceeds of such chattels, and collected all.of such choses in action, except the one against C., who was solvent; that the total amount of such chattels and choses in action, after the payment of the testator's debts, was a specified sum, on which a certain amount of interest might have been realized for the education of A. and B.; that such money could have been loaned, but was not; that B. had completed his education at a certain date; that thereafter the relator, A., commenced and completed his education at his own expense, the defendants having failed to defray any of the expense thereof; and that he had arrived at his majority, and demanded repayment, which was refused. Demand for reimbursement.

*Held*, on demurrer, that the complaint is sufficient.

*Held*, also, that such action was properly brought on the relation of A. alone.

*Held*, also, that the breach assigned falls within the tenth specification of section 162 of the decedents' estates act, 2 R. S. 1876, p. 549.

*Held*, also, that the legacy for the education of A. and B. was a modal legacy.

*Held*, also, that the relator could maintain his action without first either obtaining an order of court for the application of such legacy or a judgment therefor against the estate, or causing the removal of the executors.

*Held*, also, that it was not necessary to allege that the whole of such interest had not been anticipated and expended solely in the education of B.

*Held*, also, that the relator is entitled to recover the reasonable expenses of his education, less any amount expended therefor by the defendants; not exceeding, however, the reasonable interest on the fund to be loaned.

SAME.—*Demurrer.—Harmless Error.*—Error in sustaining a demurrer to a paragraph of a pleading is harmless, when the facts therein alleged are admissible in evidence under a remaining paragraph.

SAME.—An answer in such action, that, by his will, the testator intended that the interest to be advanced to A. for his education should be charged to him on final settlement, sets up an erroneous construction of such will; but, even if the construction alleged were the proper one, the answer is insufficient.

SAME.—An answer in such action, that, by the terms of the will, the defendants were only to pay for the education received by the relator prior to his attaining his majority, which they had done, is insufficient.

SAME.—*Interest on Legacy.*—Under such will, the testator's daughter H. was entitled to receive interest on her legacy from the date of his death, but payment thereof was not to be made until settlement of the estate.

From the Switzerland Circuit Court.

*J. D. Works, J. A. Works, Jr., H. A. Downey* and *L. O. Schroeder,* for appellants.

*Carter & Johnston,* for appellee.

WORDEN, J.—George W. Heady died, having made the following will, viz.:

"I, George W. Heady, being weak in body but of sound mind and memory, do make and declare this my last will and testament, hereby revoking all former wills by me at any time heretofore made.

"*First.* It is my will that my body be buried according to my estate and condition in life, and that my funeral expenses and all my just debts be paid out of the first money that comes to the hands of my executors.

"*Second.* I give and bequeath to my wife, Elizabeth Heady, during her natural life, the rents and profits of all my real estate, described as follows, to wit:" (Here follows the description.) "Said real estate is to be leased by, and the proceeds of the same to be paid to my said wife by, my said executors, for her support and the minor heirs, but she shall have the home farm for her residence; and I also give and bequeath to my wife Elizabeth all my personal property except one bay mare, one black mare, two sucking mules, and the hay now in the barn; provided, that she is to have the same so long only as she remains my widow."

"*Third.* It is my will that the proceeds of the hay, the two horses and the two mules, and the money owing to me by Edward C. Heady, and also the two mortgages I hold against Orem and Brandon, amounting to five hundred dollars, be loaned out after my just debts are paid, and the interest be appropriated to the education of my two sons, Thomas J. Heady and James F. Heady; and if my wife Elizabeth does not live to educate my daughter Mary L. Heady, then she is to be educated by my executors, and the expenses to be paid out of my estate.

*Fourth.* At the death of my beloved wife, all my estate, both real and personal, is to pass into the hands of my executors, to be disposed of as follows, to wit: If the heirs have all arrived at the age of majority, and, if not, as soon as they arrive at that age, first, I give and bequeath to my daughter Martha E. Hart four hundred dollars; and to my daughter Eliza E. Heady one thousand dollars, said one thousand dollars to remain in the hands of my executors to be loaned or to be laid out in land for her benefit, and to go to her heirs at her death; and I give and bequeath to my daughters Rebecca F. Heady and Mary L. Heady six hundred dollars each, all of which is to be paid to them when my estate is settled, except Eliza's, who is to have the interest on hers from my death; and the residue of my estate, both real and personal, is to be divided equally between my four sons, Edward C. Heady, John S. Heady, Thomas J. Heady and James F. Heady."

The will then proceeds to nominate executors and specify their powers, but contains nothing further of importance to the questions involved in this case.

This action was brought by the State, upon the relation of James F. Heady, named in the will, against Edward C. Heady and John S. Heady, who were executors of the will, upon their bond as such executors.

The complaint alleged, in substance, that the defendants had not faithfully discharged the duties of their trust, as such executors, in this: that the testator died on the — day of November, 1863, having made the will above set out; that the hay mentioned in the will was sold by the executors for sixteen hundred and fifty dollars, the horses for two hundred and twenty-five dollars, and the mules for one hundred and ninety dollars; that the executors have collected the Orem and Brandon mortgages, with the interest thereon; that Edward C. Heady, one of the executors, was indebted to the testator, at the time of his death, in the sum of one thousand three hundred and

fifty-eight dollars and eighty cents, and was solvent and able to pay the same; that there came to the hands of the executors, from the sale of the personal property mentioned, the indebtedness of Edward C. Heady and the Orem and Brandon mortgages, the sum of three thousand one hundred and forty-eight dollars and eighty cents, out of which the debts of the estate were to be paid, which did not exceed three hundred dollars, leaving in the hands of the executors the sum of two thousand eight hundred and forty-eight dollars and eighty cents to be loaned out, the interest on which was, by the provisions of the will, to be applied to the education of Thomas J. Heady and the relator; that said sum, so in their hands, could have been permanently and securely loaned, so as to have realized interest thereon at the rate of ten per cent. per annum, payable annually, from the time the same came to the hands of the executors, which was in March, 1864, and that the executors ought to account for interest at that rate; that Thomas J. Heady and the relator, at the death of their father, the testator, were minors, and had no other estate than that bequeathed to them by their father's will; that Thomas J. Heady had gone to college, before the death of his father, and completed his education in July, 1866, and that the relator commenced his collegiate course in September, 1868, and finished it in July, 1873, and that he was compelled to and did pay and expend, during said time, for clothing, boarding, travelling expenses, society expenses and tuition, the sum of one thousand nine hundred and eighteen dollars and eighty-five cents; and that said executors have failed and refused to apply and appropriate the interest on said two thousand eight hundred and forty-eight dollars and eighty cents in their hands, from the Fall of 1866, when Thomas J. Heady completed his education, to the education of the relator, or any part thereof, though often requested so to do; that the relator demanded of said executors the interest on said sum, before

the commencement of this suit, which they refused to pay, or any part thereof. Wherefore, etc.

The defendants filed a demurrer to the complaint, for want of sufficient facts, but it was overruled, and they excepted.

They then answered:

1. By a general denial;

2. Payment; and,

3. " That they paid and caused to be paid to the relator moneys, at divers times, in divers sums, as he demanded it, in a sufficient amount to enable him to attend school and college, and until he graduated, which amounted to more than the interest on the money in their hands as such executors. Wherefore," etc.

4. This paragraph need not be noticed.

5th. " That, by the provisions of the will of George W. Heady, their father, after paying certain bequests therein stated, to wit: Martha E. Hart $400, Eliza E. Heady $1,000, Rebecca F. Heady and Mary L. Heady $600 each, the remaining part of said estate, real and personal, was to be equally divided between the four brothers, Edward C. Heady, John S. Heady, Thomas J. Heady and the relator, James F. Heady, any and all moneys advanced or paid by these defendants, as such executors, to the said Thomas J. Heady and the said James. F. Heady, for the purpose of paying the expense of their education, upon final distribution to be chargeable to them, and deducted from their distributive shares of said estate, for the benefit of these defendants, so that the four brothers would receive an equal one-fourth part of said estate, after paying the special bequests above mentioned. Wherefore they say that the relator ought not to recover, and they demand judgment."

6th. " That, by the provisions of the will of George W. Heady, deceased, they were to pay for the education of said relator, until he arrived at the age of twenty-one

years, and that he arrived at that age on the — day of ——, ——, and that they paid the expense of his education up to that date. Wherefore," etc.

The plaintiff demurred to the third, fifth and sixth paragraphs of answer, and the demurrer was sustained, the defendants excepting.

The plaintiff replied in denial of the second and fourth paragraphs.

The issues were tried by a jury, who found a verdict for the plaintiff for five hundred and seventeen dollars and sixty-one cents, on which the court rendered judgment, over a motion by the defendants for a new trial.

Error is assigned upon the ruling of the court on the demurrer to the complaint, and that to the specified paragraphs of answer, and on the motion for a new trial.

We proceed to consider the objections urged to the complaint.

It is insisted, that, if the two sons of the testator, Thomas J. Heady and the relator, could maintain an action at all against the executors, for a failure to appropriate the interest on the specified money to their education, the action must be joint, in favor of both of them; and that an action can not be maintained on the relation of one alone.

We do not think that the right of the two sons was a joint right, but a several one. Perhaps, in some actions, for some purposes, they might have joined; but it is clear, as we think, that their rights were several, in the very nature of the case. If the executors appropriated a proper amount of the interest to the education of Thomas J., as to him they did their duty, and he had no cause of complaint   He had no interest, which the law recognizes, in the proportion of the interest on the money, which should have been appropriated to the education of the relator; nor had he any legal interest in the education of the relator. Nor would the fact, that the executors discharged their duty in reference to Thomas J., discharge

them of their obligations to the relator. The action was well brought upon the relation of James F. Heady alone.

The statute provides, that "Any executor or administrator may be sued on his bond, by any creditor, heir, legatee, or surviving or succeeding [executor or administrator], co-executor or co-administrator of the same estate, for any of the following causes, viz. :" Then it enumerates ten causes, and the tenth is as follows : " *Tenth.* Any other violation of the duties of his trust." 2 R. S. 1876, p. 549, sec. 162.

It is claimed that the case does not fall within the provisions of the statute; but, in our opinion, it clearly falls within the tenth specification above set out.

It is also urged, that the relator is not a legatee, and therefore not authorized to sue in respect to the matter involved in the action. But we think he is clearly a legatee within the spirit and meaning of the statute. His legacy may be denominated a *modal* legacy. Thus, Bouvier says, 2 Bouv. 21, "A modal legacy is a bequest accompanied with directions as to the mode in which it should be applied for the legatee's benefit: for example, a legacy to Titius to put him an apprentice."

It is also insisted by the appellants, that the relator could not maintain the action without having first procured an order of the court directing the executors to apply the interest on the money to his education. But it seems to us that no such order was necessary. It was the plain duty of the executors to make such application of a sufficient amount of the interest to that purpose, under the provisions of the will, without any order of the court, and their refusal to do so was a violation of the duties of their trust.

It is furthermore claimed by the appellants, that the relator could not maintain an action against the executors upon their bond, until he had procured a judgment, or otherwise exhibited and established his claim against them; and to this point the case of *Eaton* v. *Benefield*, 2 Blackf.

52, and some earlier Indiana cases, as well as some cases from other States, are cited.

. The case of *Hunt* v. *White*, 1 Ind. 105, may be cited upon the same point. But the earlier cases in Indiana, to that effect, were overruled by the case of *The State* v. *Strange*, 1 Ind. 538. See the cases of *The State* v. *Railsback*, 7 Ind. 634, and *The State* v. *Hughes*, 15 Ind. 104.

. It is now held, that the statute authorizing such suits dispenses with the necessity of having previously established such claim; and there was no necessity that the executors should have been removed, before bringing the action. *Owen* v. *The State*, 25 Ind. 371.

But it is objected, as we understand the brief of counsel for the appellants, that it does not appear from the complaint, that there was any of the interest applicable to the education of the relator.

"It is," says the brief, "expressly averred in the complaint, that Thomas J. Heady received his education *first.* When he arrived at the proper age, if the appellee's position is correct, he had a right to demand the application of this fund to his education. If the executors applied the entire fund to *his* education, it would be a full compliance with the requirements of the will. This being true, it was not sufficient to allege, that the fund was not applied to the education of the relator, but it must have been alleged that it was not applied to the education of *either* himself or Thomas J. Heady.

It is averred in the complaint, that the fund came into the hands of the executors in March, 1864, and that Thomas J. Heady completed his education in July, 1866.

. The executors may have applied the interest which accrued on the fund from the time it came into their hands, up to the time when Thomas J. completed his education, to that purpose. But it will not be presumed, in the absence of an averment to that effect, that they applied any interest to the education of Thomas J. which had not accrued before or during the course of his education; in

other words, it will not be presumed that they applied interest to his education in advance of being earned. This would leave in the hands of the executors the interest which accrued on the fund after July, 1866, applicable to the education of the relator. The complaint in this respect was sufficient.

The will did not bequeath the interest on the fund directly to the two sons, but the fund was to be loaned out, and the interest "appropriated" to their education.

The plaintiff having gone through his collegiate course and completed his education, we are of opinion that he became entitled to recover the reasonable expenses of that education, less any amount which the executors may have expended or advanced to him for that purpose, the whole amount including what was paid for the education of Thomas J., not to exceed the reasonable interest on the fund.

We are of the opinion, that no error was committed in overruling the demurrer to the complaint.

We come to the answer, and are of opinion, that no error was committed in sustaining the demurrer to the third, fifth and sixth paragraphs thereof.

The matters alleged in the third paragraph could have been given in evidence under the second, and evidence tending to sustain it was, in fact, thus given.

The fifth paragraph is anomalous.

It seeks to give a construction to the will, in a matter entirely immaterial to the question involved in this suit; and that construction is one which, in our opinion, the will will not bear. It alleges, that, by the terms of the will, any and all moneys advanced or paid by the defendants as such executors, to the said Thomas J. and the relator for the purpose of paying the expense of their education, upon final distribution were to be charged to them, and deducted from their distributive shares of the estate, for the benefit of the defendants, so that the four brothers would receive an equal one-fourth part of the es-

tate, after paying the special bequests. We do not concur in. this construction of the will; but, if it were the correct one, it in no manner affects the question involved here. Here, the question is, whether the relator is entitled to recover the money sued for, and not whether he shall be chargeable with it upon the final distribution of the estate. Or, to state the proposition a little differently, it does not follow, that, if the relator is to be chargeable with the money sued for, upon the final distribution of the estate, he can not recover in this action.

The sixth paragraph is obviously bad. It assumes that the relator's education was to be completed as soon as he arrived at the age of twenty-one years. There is nothing in the will, or in the nature of things, that leads to such conclusion.

We proceed to the motion for a new trial, in respect to which there is no question before us, except that arising upon the sufficiency of the evidence to sustain the verdict, and the amount of damages.

The verdict was sufficiently sustained by the evidence; but a point is made upon the construction of the will, affecting the question of damages, which may be here noticed.

It is claimed by the appellants, that, as Eliza, the daughter of the testator, was to have interest on her one thousand dollars, from the testator's death, it was to be paid annually; and that, as all the testator's property went to his widow for life, except that which was set apart as a fund to draw interest for the education of the two sons, there was nothing left out of which the interest on the one thousand dollars could be raised. It is claimed, therefore, that, as the clause in relation to Eliza's. one thousand dollars is subsequent to that in relation to the fund to be put on interest to raise money for the education of the boys, it must have preference over it, and, of necessity, a part of the property thus set apart as a fund

for the benefit of the boys must be taken to raise the interest for Eliza.

This would reduce the fund to be put on interest for the benefit of the boys one thousand dollars; and, if the point is well made, the verdict is excessive. But we do not so construe the will. It is true, Eliza is to have interest on her one thousand dollars from the testator's death. But the will does not provide that it shall be paid annually. Taking the will altogether, and so construing it as that all its parts shall stand and have effect, we think it clear that the interest to be paid to Eliza was not to be paid her until the settlement of the estate, as provided for in the fourth clause of the will, and then she was to have the principal with the interest accruing upon it since the testator's death. This construction harmonizes the different provisions of the will, and carries out the evident intention of the testator.

With this construction of the will, we can not say that the amount of the verdict is excessive. The amount found is, perhaps, more than this court would have found upon the evidence, but the jury and the court below having passed upon it, we are not called upon, in view of the case made, to disturb the verdict.

There is no error in the record.

The judgment below is affirmed, with costs.