## HIGHNOTE v. WHITE.

REPLEVIN.—*Right of Possession.*—The action of replevin decides only the right of possession.

SAME.—*Complaint to Recover Promissory Notes.*—The fact that, in an action of replevin of a promissory note, the complaint describes a note payable to a third person and not assigned to the plaintiff, does not render the complaint insufficient:

SAME.—*Personal Effects of Decedent.—Administrator.—Legatee.— Will.*—A testator devised his personal estate to his wife during her life, with remain-

der over to another. Upon her death, intestate, such legatee brought an action against one who was both administrator of the estate of the wife, and administrator, with the will annexed, of the estate of the testator, to recover possession of promissory notes constituting a part of the testator's personal estate.

*Held*, that the defendant, as the representative of the testator, was entitled to possession, at least until such estate was settled.

From the Jackson Circuit Court.

*B. H. Burrell* and *F. Emerson*, for appellant.

*W. K. Marshall*, for appellee.

BIDDLE, J.—Complaint by the appellee, against the appellant, to recover the possession of four promissory notes.

A demurrer, alleging the want of facts as a cause, was overruled to the complaint. Answer: 1. General denial; 2. Property in the defendant. Trial by the court, and finding for the appellee. Judgment and appeal.

The sufficiency of the complaint to constitute a cause of action, and the sufficiency of the evidence to sustain the finding, are the questions presented by the record for our decision.

The property replevied is described in the complaint as follows:

"One promissory note for one hundred dollars, executed by James Sawyers to Agnes White, of the value of one hundred and fifteen dollars.

"One promissory note, executed by Joel S. Raines and James Sawyers, for fifty dollars, of the value of sixty dollars, payable to Agnes White;

"One promissory note for ———— dollars, executed by John Sutherland, payable to Abraham White, upon which there is a balance of seven dollars due and owing, of the value of seven dollars;

"One promissory note, executed by Luther Highnote, payable to Agnes White, for two hundred dollars, upon which there has been part payment made, of the value of forty dollars."

The objection made to the complaint is, that it shows upon its face that the notes are not the property of the plaintiff; that being payable to Agnes White, and to Abraham White, without any assignment to the plaintiff, shows that they are not his property, but the property of Agnes White and Abraham White.

This objection is not valid. The action of replevin decides only the question of the right of possession to the property, which may be in the plaintiff, although the notes are neither payable, nor assigned, to him; and we think the property is sufficiently described.

As to the sufficiency of the evidence to sustain the finding, we think it will not be disputed that it proves the following facts:

The appellee claims title to the notes under the will of Abraham White, his father, who bequeathed to Agnes White, his wife, the mother of the appellee, " all his personal estate, and the use, rents, profits, enjoyments of all his real estate, as long as she may live;" and all his personal property to Wesley N. White, the appellee, after the death of Agnes White, the wife of the testator; that Abraham died and the appellant became his administrator; that the notes sued for grew out, and are a part, of the personal property bequeathed by Abraham White to Agnes White, while she lived, and after her death to Wesley N. White, the appellee; that Agnes White died, and the appellant became the administrator of her estate; that an inventory was taken by the appellant, as the administrator, of the notes, as part of the personal estate in the possession of Agnes White at the time of her death; that, at the time the inventory was taken, the appellee produced the notes to the appellant as the administrator, for the purpose of the inventory, but claimed them as his own under the will of his father, Abraham White, as being a part of the personal property bequeathed to his mother, Agnes White,

left undisposed of at the time of her death, and bequeathed to him after her death, by the same bequest. The appellant claims possession of the notes, not in his own right, but as administrator.

Under this state of facts, the legal question presented to us is, who is entitled to the possession of the notes, the legatee or the administrator ?

We do not think the question is one difficult to decide. The law is well settled, that the whole of the personal property of the testator goes to the executor, or administrator with the will annexed, and the legatee has no authority to take possession of his legacy, whether it be specific, general or residuary, without the assent of the executor or administrator. The reason of the rule is strong and plain. Legacies are subject to the debts of the estate, and the executor must control them. If the legatee could take his legacy from the executor, against his consent, it would be in the power of the testator to avoid all the obligations of his estate. Doubtless, after the estate is finally settled, and it is ascertained that the legacy will not be needed for the purposes of the estate, the legatee, if the executor refused to deliver or pay the legacy, would have his action ; but until then he can not recover possession of his legacy, against the consent of the executor. This question is carefully examined and settled by BLACK-FORD, J., in the case of *Crist* v. *Crist,* 1 Ind. 570. See, also, *Branch* v. *Holcraft,* 14 Ind. 237 ; *Rapp* v. *Matthias,* 35 Ind. 332 ; 2 Bl. Com. 512 ; Story Eq. Jur., sec. 555 ; Wigram Wills, part 2, p. 329.

We do not decide that the appellant is entitled to the possession of the notes, as the administrator of the estate of Agnes White, but as the administrator of the estate of Abraham White. The appellee claims the notes as the legatee of Abraham White, and the appellant as the administrator of the estate of Abraham White ; and we think the ad-

ministrator is entitled to the possession of the notes, as against the legatee, until it is ascertained that the notes will not be needed in paying the debts of the estate of Abraham White.

Perhaps, the appellant could not claim possession of the notes as the administrator of the estate of Agnes White, because, if the appellee is entitled to the notes as the legatee in remainder of Abraham White, they would not be subject to the debts of Agnes White's estate, and the property in them would vest in the legatee *eo instanti*, upon the death of Agnes White. But, as we do not decide this question, we need not discuss it.

As the question in the case is only as to the right of the possession of the notes, and not as to the ultimate property in them, we do not decide whether the appellee can take the remainder in the personal property bequeathed by the will of Abraham White, or not. This question is not necessarily in the record. All we decide is, that the case made does not entitle the appellee to the possession of the notes, against the appellant.

The judgment is reversed, at the costs of the appellee, and the cause is remanded, with instructions to sustain the motion for a new trial, and to proceed according to this opinion.