No. 8037.

GOULD ET AL. *v.* STEYER ET AL.

DECEDENTS' ESTATES.—*Will.*—*Executor.*—*Suit on Bond for Failure to Pay Legacy.*—The proper person to pay a legacy is the executor, or the administrator with the will annexed, and for a failure to pay it he may be sued on his bond. A suit for such failure may be maintained without any previous order of court that the legacy be paid, and without the previous removal of the officer.

SAME.—*Pleading.*—*Complaint.*—*Necessary Averments.*—A complaint by a legatee against residuary legatees, to recover a legacy, which avers neither that the estate of the testator has been finally settled, nor that the executor or the administrator with the will annexed has been discharged, fails to show a cause of action, upon the demurrer of plaintiff to an answer thereto.

SAME.—*Answer.*—*Demurrer.*—*Search for Error.*—A demurrer to an answer will search the record and reach back to the complaint, and if the complaint fail to show a sufficient cause of action, it should be sustained as to it, and not as to the answer.

From the Franklin Circuit Court.

J. *F. McKee* and *D. W. McKee*, for appellants.
*S. S. Harrell*, for appellees.

BICKNELL, C.—This was an action by one of several leg-atees and her husband against the others and their husbands, to recover a legacy.

The following are the facts stated in the complaint:

Solomon Kistler, whose will was entered for probate in Hamilton county, Ohio, gave thereby all his estate, real and personal, to his widow for life; the will directed that, after the widow's death, five hundred dollars should be paid to the said Abilene Gould, and that the residue of the estate should be given in certain proportions to the said Phœbe Steyer, James Arnold and Emily Baldridge, now the wife of Preston Carpenter. The widow elected to take under the will. Samuel Bowles was appointed administrator with the will annexed; said administrator paid off all the debts of the testator, and then had in his hands eight hundred dollars, which was the entire proceeds of said estate, after the payment of said debts; the widow then bought certain real estate in Franklin county, Indiana, and, at her request, said administrator "paid to the grantor of said real estate" said sum of eight hundred dollars, and the deed was made to the widow. She died "on the — day of ——, 187–," in possession of the land last mentioned, and of three hundred dollars' worth of kitchen and household furniture, etc., belonging to the estate of the testator. After her death, the said Phœbe Steyer and George Steyer took possession of said land last mentioned, and of said personal property, and they continue to hold it. Said Abilene has not received any part of her said legacy, and said last mentioned land and personal property are all that is left of the testator's estate, from which money can be derived to pay said legacy. The complaint prays that all of said last mentioned property may be sold, and that of the pro-

Gould *et al.* v. Steyer *et al.*

ceeds five hundred dollars may be paid to said Abilene "as a legacy by virtue of said will," and that said Emily Carpenter and her husband, Preston Carpenter, and said James Arnold may answer as to their interest, and for all proper relief.

The appellees Phœbe Steyer and George Steyer appeared; the other appellees were defaulted. The Steyers answered the appellants' complaint in three paragraphs. The first paragraph was the general denial; the second and third were special defences. The appellants demurred to each of the special defences for want of facts sufficient, etc. The court below overruled the demurrer to the second defence, and sustained the demurrer to the third defence. The appellants refused to plead further as to said second defence, and judgment was rendered for the appellees. The appellants assign error as follows: "The court erred in overruling the demurrer to the second paragraph of the answer."

The appellees Phœbe Steyer and George Steyer assign cross errors, one of which is as follows:

"8th. The court erred in sustaining the demurrer to the third paragraph of the answer, and in refusing to carry such demurrer back to the complaint and sustain it thereto."

If the complaint failed to show a sufficient cause of action, the demurrer to the answer reached back to the complaint, and should have been sustained as to it, and not as to the answer. *Sugar Creek Township* v. *Johnson*, 20 Ind. 280. Such a demurrer will search the record and will test the sufficiency of the complaint, even without an assignment of cross errors. *The Ætna Ins. Co.* v. *Baker*, 71 Ind. 102.

The proper person to pay a legacy is the executor, or the administrator with the will annexed. *Crist* v. *Crist*, 1 Ind. 570. For a failure to pay it he may be sued on his bond. 2 R. S. 1876, p. 549, sec. 162; *Heady* v. *The State*, 60 Ind. 316. And such a suit may be maintained without any previous order of court that the legacy be paid, and without the previous removal of the officer. *Heady* v. *The State*, *supra*.

In *Highnote* v. *White*, 67 Ind. 596, a legatee brought suit against an administrator to recover the possession of specific personal property, bequeathed to a widow for life and after her death to said legatee. It was held that he could not recover before the final settlement of the estate. See also *Fillingin* v. *Wylie*, 3 Ind. 163.

In the complaint now under consideration, it is not shown where the testator died, nor where his will was probated. The allegation is it was "entered for probate in Hamilton county, Ohio." It is averred that, by his will, the testator devised all his estate, real and personal, to his widow for life, and directed that after her death five hundred dollars should be paid to Abilene Gould, and the residue of the estate divided among the appellees; but it is not averred that he died the owner of real estate or of personal estate, or both; nor is it stated where any of the estate was. It is averred that the widow elected to take under the will, and that an administrator with the will annexed was appointed, "duly appointed" is the language, and that he paid all the testator's debts, and then had in his hands eight hundred dollars, "which was the entire proceeds left after payment of said debts." It is not stated whether these proceeds were derived from the sale of personal property, or of real estate, or both.

Under the will, it was *prima facie* the duty of the administrator with the will annexed to pay this sum of eight hundred dollars to the widow. Substantially he did it. The averment is, that the widow bought certain land in Franklin county, Indiana, and that at her request the administrator with the will annexed paid to the grantor of said land said sum of eight hundred dollars, and the deed for said land was made to the widow. The price of this land is not stated, nor is it shown what proportion of the price was embraced in said eight hundred dollars. It is averred that the widow died in possession of the land thus purchased, and of three hundred dollars' worth of household and kitchen furniture,

etc., held by her under the will, and that said last mentioned land and property are all that is left of the testator's estate, from which money can be derived to pay the appellant's legacy, and that the appellees Phœbe Steyer and George H. Steyer are in possession thereof, and that the appellant Abilene Gould has not received any part of her legacy.

A copy of the testator's will is annexed to the complaint. Its language is as follows: "After my lawful debts and funeral expenses are paid, I make the following disposition of my property, both personal and real. I will that my wife Abigail shall be possessed, during her natural life, of all the property, both real and personal, to be used by her for her comfort and support, as she in her wisdom and prudence may think best, being persuaded that she will do what she thinks right and best. After the death of my wife, I will that five hundred dollars be paid to our daughter Abilene Gould, wife of William Gould, for her benefit and use.

"I will that the rest and residue of my estate be divided into two equal shares, one share to be given to my daughter Phœbe, now the wife of H. Steyer, by her to be held and used as in her wisdom she may desire, and the other share to be divided between our grandchildren, James Arnold and Emily Baldridge, his sister, they being the children of our daughter, Mary Arnold, deceased; the above bequest to be paid to my heirs as soon after the decease of my wife as may be found practicable and advisable." The will is dated in August, 1865.

It is not averred in the complaint that the estate of the testator has been finally settled, nor that the administrator with the will annexed has been discharged.

The cases hereinbefore cited, 1 Ind. 570, 3 Ind. 163, 60 Ind. 316, 67 Ind. 596, show that there is no sufficient cause of action in the appellants' complaint. It is therefore unnecessary to examine the other cross errors assigned by the appellees. There was no error of the court below available to the

appellant. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed, at the costs of the appellants.