## JONES v. JONES *et al.*

1. **Mortgage: ESTOPPEL.** A mortgagor is not estopped by the execution of the mortgage from showing a partial want of consideration for the note which such mortgage was given to secure.

2. **Guardian: PAYMENT.** In equity a payment made to a guardian of a debt due to his wards, by the transfer of promissory notes executed by third parties, instead of money, will be held sufficient when such notes have been collected by the guardian and the proceeds appropriated as required by the trust.

3. **Evidence: HEARSAY.** Statements made by the mortgagee to his attorney when the mortgage was delivered to him for collection are not admissible for the purpose of proving the loss of the notes secured by the mortgage.

*Appeal from Polk District Court.*

MONDAY, JUNE 11.

SUIT in equity to enjoin a foreclosure of a mortgage of personal property by notice and sale.

The petition alleges that the plaintiff is the husband of the defendant, Julia A. Jones, though living separate and

apart from her, and that she is guardian of certain minor children by a former husband.

That in 1857, the firm of Campbell, Jones & Co., of which he was a member, borrowed of his wife as such guardian, one hundred and thirty-four dollars and sixty-one cents, for which they gave to said defendant their firm note. That in 1858 he borrowed the further sum of seventy-four dollars and seventy cents. That in 1859 both notes being due and unpaid, the defendant demanded security for the payment of them; and thereupon the plaintiff, without any further consideration than said notes, gave to said defendant his note for six hundred dollars and a mortgage upon certain personal property to secure it.

That in 1860, and after the maturity of the mortgage, the plaintiff paid and satisfied said mortgage, by procuring Campbell, Jones & Co. to assign to said defendant two notes on Buckley, for three hundred and ninety dollars, which were secured by mortgage upon certain real estate, and took up all the notes aforesaid.

That afterwards, the said defendant collected the whole amount, both principal and interest, of the Buckley notes, and had appropriated the money as guardian. That the defendant Griffith was sheriff of Polk county, and, as such, at the request of the defendant Julia A. Jones, was proceeding to foreclose the mortgage by notice and sale, and had seized and advertised the mortgaged property for sale thereunder. A temporary injunction was issued. In the District Court the defendant demurred to the petition, because: First. The wards were not made parties. Second. The plaintiff is estopped by the execution of the mortgage from denying that the same was given to secure the note described in it. Third. The defendant, as guardian, had no authority to make such contract for payment in notes, and especially with her husband. The demurrer was sustained, and judgment of foreclosure.

*Phillips & Phillips* and *James M. Ellwood* for the appellant.

1. The defendant's demurrer to the amended petition, admitting these facts to be true as alleged, should have been overruled, as the same was a complete accord and satisfaction of the said mortgage. *Christy* v. *Craig*, 8 Harris Pa., 430; Chitty on Cont., 659; Story on Cont., § 982 *a*; Pars. on Cont., 194, 195, 196; *Hart* v. *Roller*, 15 Serg. & Rawle, 162; *Hall* v. *Smith et al.*, 15 Iowa, 588; *Kellogg* v. *Richards*, 14 Wend., 116; *Lepage* v. *McCrea*, 1 Id., 164; *Boyd* v. *Hitchcock*, 20 Johns., 76; 16 Id., 86.

2. The consideration of a deed or mortgage may always be inquired into, and the true consideration shown. *Whitbeck* v. *Whitbeck*, 9 Cow., 266; *Jackson* v. *McChesney*, 7 Id., 360; *Jackson* v. *Waldron*, 13 Wend., 178; 1 Greenl. Ev., § 26, and note.

3. The defendant Julia A. Jones having received the Buckley notes of plaintiff under the agreement alleged, and having collected the same and kept and applied the proceeds to her own use or that of her wards, is fully estopped to proceed to foreclose this mortgage or to obtain any benefit therefrom. It would be against conscience to permit her to keep the proceeds of the Buckley notes, amounting to about $450 when collected, and at the same time to foreclose this mortgage. *Lucas* v. *Hart*, 5 Iowa, 415, and authorities there cited; *Fueld* v. *Schefflin*, 7 Johns. Ch., 150; *Pursley et al.* v. *Hays*, 17 Iowa, 310.

4. The defendants having admitted by their demurrer that the note mentioned in said mortgage was by Julia A. Jones surrendered under said agreement to plaintiff, could not have a judgment in favor of Julia A. Jones thereon against plaintiff, and were concluded by such admission from attempting to show its loss.

5. The affidavit of J. S. Polk was improperly received as evidence, and was not sufficient to entitle the defendant to the decree rendered herein.

*Polk & Hubbell* for the appellee.

I. The demurrer to plaintiff's amended petition was properly sustained because:

1. Plaintiff having executed the mortgage to secure a note of six hundred dollars, is estopped from denying such fact. Bouv. Law Dic., Estoppel; *Lucas* v. *Hart,* 5 Iowa, 415; *Denn* v. *Cornell,* 3 Johns. Cas., 174; *Trimble* v. *State,* 4 Blackf., 437; *Wood* v. *Thomas,* 5 Id., 553; *Reeves* v. *Andrews,* 7 Ind., 207; *French* v. *Blanchard,* 16 Id., 143; 2 Parsons on Cont., 789, new ed.; 1 Greenl. Ev., §§ 22, 23 and 26.

2. The defendant, as guardian, who was also the wife of plaintiff, had no authority to compromise the ward's claim, and take half the amount thereof in full from plaintiff. Revision of 1860, § 2551.

3. The guardian cannot receive anything from the debtor of the ward in payment of such debt but money. 2 Parsons on Cont., 615, 616, new ed.

II. The plaintiff abiding by his petition and amended petition, the defendant was entitled to a decree. *Westfield* v. *Lee,* 7 Iowa, 12; Code of 1851, § 2084.

COLE, J. — I. The appellee's counsel do not insist upon the first ground of demurrer, but the same is waived in this court.

1. MORT-
GAGE:
estoppel.

The second ground of demurrer is, that "the plaintiff is estopped by the execution of the mortgage set out in his petition, from denying that such mortgage was given to

secure the note therein described." Even if it should be conceded that a mortgagor is estopped by the mortgage from denying that it was given to secure the note described in it, such conceded estoppel could not operate to defeat the right of the maker, as between him and the payee, to show that the consideration had failed, or never had any existence, or the like. This is exactly the claim of the plaintiff in this petition.

He admits the giving of the note, and the mortgage to secure it, but he says the consideration of the note was not six hundred dollars, and that it was only for the indebtedness evidenced by the two other notes named. The giving of the mortgage did not, in any manner, affect the right of the defendant to contest the amount due upon the note. To construe it as an estoppel is as clearly against law, as it is against reason and justice.

II. Whether the defendant, Julia A. Jones, had authority to accept the notes of third persons, or anything but money in payment or satisfaction of a money indebtedness due to her as guardian, we need not decide in this case. It is averred in the petition that she not only received the notes of such third persons in payment and satisfaction of the indebtedness of plaintiff, but also that she had received the money upon such notes, and had applied and appropriated the same as guardian. Surely, if she had thus received and appropriated the money, there can be no question in a court of chancery as to the justice and equity of holding such payment good and sufficient. Nor does the fact that such payment was by the husband to the wife as guardian, or their inability to contract with each other, affect the question made in this case, which is an equitable proceeding. It was error, therefore, to sustain the demurrer, and the ruling of the District Court thereon is reversed.

2. GUARD-
IAN: pay-
ment.

III. After the demurrer was sustained the plaintiff elected to stand upon his petition. The counsel for defendant then 3. EVI-DENCE: moved for a judgment of foreclosure of the mort-hearsay. gage. The court entertained the motion, and on the trial received, for the purpose of proving the loss of the note described in the mortgage, the affidavit of one of the defendant's attorneys, as to what the defendant, Julia A. Jones, stated to him as to its loss at the time she left the mortgage with him for collection. This too was error. *Vide* Greenl. on Ev., § 558; *Ralph* v. *Brown*, 3 Watts & Serg., 395.

As the judgment must be reversed and cause remanded when there will be a trial upon its merits, it becomes unnecessary to determine whether there was error in proceeding to a trial of the cause upon the motion as set forth in the record.

Reversed.