## LANE AND WIFE *vs.* MICKLE.

[FINAL SETTLEMENT OF GUARDIANSHIP.]

1. *Guardian, with what to be charged on final settlement.*—A guardian who receives in payment of a solvent debt, due to his ward, the note of a third person instead of money, receives the same at his peril, and if he fails to collect said note, and the maker becomes insolvent, must, on his final settlement, be charged with the amount of the debt, and interest on the same, from the time it was due, although he may have used due diligence to collect said note.

APPEAL from the probate court of Randolph. Heard before the HON. W. W. DOBSON.

This was a proceeding by appellants, John Lane and Martha, his wife, against appellee, as guardian of said Martha, to compel him to make final settlement of his

Land and Wife v. Mickle.

guardianship. On the 13th of May, 1861, a decree was rendered in the probate court of Randolph county, in favor of said Martha against the administrator of her father's estate, for $212.49 ; and at the time of the rendition of the decree the said administrator and sureties were solvent. The appellee, as guardian of the appellant, Martha, received in payment of said decree in favor of his ward the note of said parties, solvent at the time, but who afterwards became insolvent, and the note was lost to the estate of the ward, though the guardian had used due diligence to collect it. In the final settlement of the guardianship accounts, the court allowed said insolvent note as a credit in favor of appellee as guardian, to which appellants excepted, and they now assign the same as error.

JAMES AIKEN, for appellants.—If the trustee, without the sanction of the *cestui que trust*, receives *lands* in satisfaction of the trusts, funds, or debts, equity will hold him responsible for whatever loss may ensue.—*Royalls, adm'r, v. McKinzie et al.*, 25 Ala. 364; see, also, *Lane and Wife v. Mickle*, 43 Ala. 109 ; *ib.*, June term, 1870.

All the evidence is set out, and the supreme court should reverse and render judgment.—Revised Code, § 2251.

C. D. HUDSON, *contra.*

PECK, C. J.—This case was in this court, on the appeal of the present appellants, and was decided at the January term, 1869. The decree of the probate court, on which that appeal was taken, was reversed, and the cause remanded for another trial. The law of the case was then settled, and the rights and the liabilities of the parties determined. The case is reported in the 43d Ala., p. 109.

By the decision then made, we held that the guardian of Mrs. Lane, the said appellee (Mickle), was liable to account for the sum of two hundred and eleven 49-100 dollars, the amount of a decree in the probate court of Randolph

39

county, in her favor, against the administrator of her father's estate, Dr. J. H. Davis, which came to the hands of appellee, as guardian, &c., as aforesaid, and interest on the same, from the date of said decree. We also held that said appellee was not entitled to be credited on his account, as guardian, for the note on the two Emorys, which he had received in payment of said decree, and that said note should not be allowed as a credit on said guardian's account.

Another trial was had in said probate court, and, notwithstanding the decision of this court, the said appellee was permitted to introduce evidence, and was himself examined, to show he was entitled to be credited on his account, as guardian, for the said note of the Emorys, which we had decided should not be allowed; and said probate court, on said evidence, allowed said note as a credit on his (the guardian's) account, and discharged said guardian, and taxed said appellants with the costs.

The appellants excepted to the ruling of said court in allowing this note of said Emorys as a credit on the appellee's account as guardian, &c.

The evidence on which said credit was allowed is set out in a bill of exceptions, signed and sealed at appellants' instance, and they have again appealed to this court.

The evidence is irrelevant and without merit, and wholly insufficient to sustain the ruling and decree of said probate court. On said evidence, the note of said Emorys should have been rejected and disallowed, and a decree should have been rendered for appellants for the amount of said decree against said Davis, and interest on the same from the date of said decree, allowing the appellee ten 55-100 dollars as commissions, and ten dollars as an attorney's fee, which appellants do not object to ; and that this may be done, said decree is reversed, and the cause is remanded, not for another trial, but with instructions to said probate court to proceed and render a decree in favor of said appellants, said John Lane and Martha Lane, his wife, for the use of the wife, for the amount of said decree, being two hundred and eleven 49-100 dollars, and interest

on the same from its date, after deducting said credits of ten 55-100 dollars as commissions, and said ten dollars as an attorney's fee ; and said Mickle, said appellee, will pay the costs of this court and of said probate court.