SANDERS ET AL. *v.* THE STATE, EX REL. BUCHER ET UX.

From the Green Circuit Court.

*W. J. Baker* and *L. Shaw*, for appellants.

*A. G. Cavins* and *E. H. C. Cavins*, for appellees.

WORDEN, J.—This was an action by the appellee against the appellants, upon the bond of Sanders as the guardian of Mary S. Milam and Abraham L. Milam, who were minor heirs of John W. Milam, deceased, the said Mary having intermarried with said Andrew M. Bucher. The bond is in the ordinary form of a guardian's bond, and the breaches assigned are:

1. That the guardian has converted to his own use the money, credits, and assets of said relator.

2. That he has failed to render an account of his proceedings whenever required by law.

3. That he has failed to settle with and account to the relator Andrew M. Bucher, husband of said Mary S.

4. That said guardian has failed to rent the lands of said ward to the best advantage, and failed to account for the rents due to said ward.

Issue, trial by the court, finding and judgment for the plaintiff for the sum of one thousand nine hundred and forty-eight dollars and ninety-two cents, a new trial being asked for by the defendants, and denied. Exception.

One of the grounds upon which a new trial was asked was, that the damages assessed by the court were excessive.

Error is assigned upon the overruling of the motion for a new trial.

The evidence is before us. It appears that the executor of John W. Milam had lent some money belonging to the estate to Peter S. Nance and Josiah Tongate, and had taken a note and mortgage from Nance. This claim came into the hands of Sanders, as guardian of the two children. At the time this suit was brought, there was near three hundred dollars remaining due and uncollected on this claim, which had been reduced

to judgment. The guardian also held a note, payable to himself, as the guardian of the heirs of John W. Milam, signed by John T. Owen and Bennett Stalcup, for two hundred and seven dollars. This note-seems to have been unpaid. These two items must have been charged wholly against the guardian, in order to make up the amount found against him. The half of each one of these two items would seem to have belonged to each of the wards. The guardian could not be sued by the relator for the half belonging to her until he had collected it, unless there was an allegation of negligence, or some other allegation that would make him responsible for it. There is no such allegation in the complaint.

We are of opinion, therefore, that the motion for a new trial, on the ground of excessive damages, was well taken and should have been sustained.

The judgment below is reversed, with costs, and the cause remanded for a new trial.