Cranford *et al. vs.* Brewster.

---

G. E. CRANFORD, administrator, *et al.*, plaintiffs in error, *vs.* JAMES P. BREWSTER, ordinary, for use, defendant in error.

1. Where an administrator, who was also the guardian of his intestate's children, charged himself, as guardian, with having received from himself, as administrator, a certain sum in cash, he cannot plead and prove, in defense to an action on his bond as guardian, that the amount so charged as cash was in fact made up of notes on divers persons who were solvent at the time, but had since become insolvent, and that with some of the notes he purchased slaves in his own name in order to save the debts, and that such negroes had become valueless on account of emancipation.

Cranford *et al. vs.* Brewster.

2. A note dated and due on March 7th, 1861, payable to the guardian individually, was properly excluded, it not being made to appear that it represented a part of the ward's estate, except by the loose statement of the guardian in his return, made in April, 1869, "that it was for the funds belonging to his wards."

3. Evidence to the effect that notes receipted for by the guardian, as cash, if indeed he received notes, could not have been collected at all if negroes and Confederate money had not been accepted in payment, was properly excluded.

Guardian and ward. Evidence. Before Judge BUCHANAN. Coweta Superior Court. March Term, 1876.

.Reported in the decision.

POWELL & STALLINGS ; JOHN S. BIGBY ; P. F. SMITH, for plaintiffs in error.

P. H. BREWSTER, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants on a guardian's bond, alleging a breach thereof by the guardian in the mismanagement of his wards' estate. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiff for the sum of $1,600 00. The defendants made a motion for a new trial on the various grounds alleged therein, which was overruled by the court, and the defendants excepted.

1. It appears from the evidence in the record that Alfred Cranford was the administrator of the estate of Morrison W. Burney; deceased, and afterwards was appointed guardian of his children, one of whom was the plaintiff. It also appears that on the 1st of June, 1858, Cranford, as guardian, charged himself as having received from Cranford, administrator of the estate of Burney, the sum of $8,097 39 in cash, to the one-sixth part of which the plaintiff was entitled, there being six minor children. The defendant sought to defend himself, as guardian, by showing that notwithstanding he had charged himself as having received from the administrator of Burney's estate the sum of $8,097 39 in cash, that he had the legal

right to show that it was in notes on divers persons who were then solvent, but had since become insolvent by the results of the war ; that with some of the notes he purchased negroes in his own name in order to save the debts, which were lost by emancipation. These defenses, and others of a similar character, the court below ruled out, which is the main ground of error insisted on here. There was no error in the rulings of the court in relation to the foregoing recited points in the case.

2. There was no error in ruling out the note of Parks, payable to Cranford individually, it not being made satisfactorily to appear that it was a part of the wards' estate, except by the loose statement of the guardian in his return, " that it was for the funds belonging to his wards," which return was not made until April, 1869.

3. There was no error in ruling out the testimony of Steed, " that if the Skeen notes had not been collected in negroes, or Confederate money, they could not have been collected at all," the defendant having treated all the notes received from the administrator, if indeed he did receive any notes from him, as so much cash. There is no evidence that the defendant loaned out the money which he received as guardian, in safe hands, for the benefit of his wards, or as to what he did with it. The argument for the plaintiffs in error here is, that if he had loaned it out, the notes would have been no better than those which he held as administrator, which were solvent when he received them, but which were lost by the results of the war, and therefore he ought not to be in any worse condition than if he had loaned out the money and taken notes good at the time therefor. The reply is, that the law does not recognize any such protection for guardians as that, and the courts can only afford them protection when they act in accordance with the law which regulates their conduct and duties. In view of the facts as disclosed in the record there was no error in overruling the motion for a new trial on the several grounds therein set forth.

Let the judgment of the court below be affirmed.