RICHARDSON, ADM'R, ET AL. *v.* THE STATE, EX REL. CROW, BY HER NEXT FRIEND, DEBRULER.

GUARDIAN AND WARD.—*Action on Guardian's Bond.—Pleading.—Breaches. —Joinder of.*—In an action by a ward, against his guardian, upon the latter's bond, for several different breaches of the condition thereof, they may all be joined in one and the same paragraph of complaint.

SAME.—*Instruction to Jury.—Conversion.*—On the trial of an action upon a guardian's bond, for alleged conversion of his ward's estate, it is error for the court to instruct the jury trying the cause, that, if such guardian has taken "notes, for money belonging to his ward, payable to himself, in his own name, that, in law, would amount to a conversion of his ward's estate."

SAME.—*Allowance for Services.*—Where, from the evidence given on the trial of such cause, it appears that such guardian is entitled to no allowance for his services, as such, he can not complain of an erroneous instruction to the jury, by the court, as to the value of such services.

SAME.—*Measure of Damages.—Statutes Construed.*—The measure of the damages that may be recovered in an action upon a guardian's bond is prescribed, not by section 163 (2 R. S. 1876, p. 551) of the act of June 17th, 1852, "providing for the settlement of decedents' estates," etc., but by clause 3 of section 9 (2 R. S. 1876, p. 589) of the act of June 9th, 1852, "touching the relation of guardian and ward," and is "ten per cent. in damages on the whole amount of estate, both real and personal, in his hands belonging to such ward."

SAME.—Section 13 (2 R. S. 1876, p. 592) of the act touching the relation of guardian and ward does not contemplate that section 163 of the act pro-

vidlng for the settlement of decedents' estates shall govern, as providing a measure of damages, in suits upon a guardian's bond.

SAME.—*Case Overruled.*—In so far as *Colburn* v. *The State, ex rel.,* etc., 47 Ind. 310, recognizes a rule different from that recognized herein, as to the measure of damages in a suit on a guardian's bond, it is overruled.

From the Pike Circuit Court.

*J. E. McCullough, E. P. Richardson* and *J. H. Miller,* for appellants.

*J. W. Wilson, G. G. Reily, E. A. Ely* and *W. H. De-Wolf,* for appellee.

BIDDLE, J.—Suit by the State, on the relation of Florence Crow, by her next friend, Charles W. DeBruler, against the appellants, who are the representatives of Henry Gladish, guardian of said Florence, and his sureties, founded upon the guardian's bond.

Five several breaches of the bond are assigned in the complaint, and to which several motions were made to require the appellee to paragraph her complaint, and to make it more certain, which motions were overruled, and exceptions taken to the rulings; all of which may be disposed of at once, by saying that there is but one paragraph in the complaint, and that it is sufficiently certain.

The appellants seem to think that each breach of the bond requires a separate paragraph of the complaint. We think otherwise.

The appellants severally demurred to the complaint, each assigning, as ground of demurrer, the insufficiency of the facts alleged to constitute a cause of action. Their demurrers were overruled, and exceptions reserved, but no sufficient ground of demurrer has been pointed out in the brief of appellants, and we can perceive none. *Colburn* v. *The State, ex rel.,* etc., 47 Ind. 310.

The appellants answered, the appellees replied, issues were joined, a trial by jury had, verdict for the appellee, motion for a new trial, causes assigned, motion overruled, exceptions taken, judgment on the verdict, and appeal. No question is made on the answers and replies.

The remaining questions to be examined all arise under the motion for a new trial.

The appellants object to the fifth instruction given by the court to the jury, which, after stating the issue to which it was applicable, is as follows:

" If he [the guardian] took notes for money belonging to his ward, payable to himself, in his own name, that, in law, would amount to a conversion of his ward's estate, as it is the duty of the guardian to keep the funds of his ward, as well as all notes and other indebtedness due to the ward, separate from his own individual business, so that it can be ascertained what are trust funds and what are not."

We can not hold, if a guardian takes a note for money belonging to his ward, payable to himself, in his own name, that the act, in law, amounts to a conversion of the ward's estate. It is, at most, but evidence tending to prove a conversion; and this is as far as the court should have gone in the instruction. There might be many cases in which it would be entirely harmless, and, indeed, proper, to take such notes in the name of the guardian. In all such cases, the rule of law laid down by the court would make the guardian liable in every instance, for the conversion of his ward's estate. We think the instruction is erroneous.

The eighth instruction is in the following words:

" In determining the amount you will allow the said Gladish for his services, as such guardian, in the event you find for the plaintiff, you should take into consideration the amount of interest he had charged himself with, the rate of interest he could reasonably have loaned said funds at, from time to time,—of his allowance for services by the court, up to the time of his death. A guardian who had loaned and collected but a small rate of interest for his ward, ought not to be allowed for his services as much as a guardian who loans and collects for his ward a good rate of interest."

384 SUPREME COURT OF INDIANA.

Richardson, Adm'r, *et al. v.* The State, *ex rel.* Crow, etc.

There is nothing in this instruction, we think, of which the appellants can complain. The evidence tends to show that, in some instances, under the 3d clause of section 9, 2 R. S. 1876, p. 590, the guardian would not be entitled to any allowance for services.

The tenth instruction is as follows:

" In the event you shall find for the plaintiff, the measure of damages would be the amount of money or property converted to the use of the said Gladish, or injury sustained by the said ward, interest on the money retained by him, and such exemplary damages as you may be willing to give, under all the circumstances surrounding the case, and ten per cent. damages on the aggregate of the foregoing items, not exceeding in all, as before stated, the sum of ten thousand four hundred dollars."

This instruction is not authorized by the statute (2 R. S. 1876, p. 551, sec. 163) upon which we suppose it is founded. That section is not applicable to the rule of damages on the bond of a guardian. The 3d clause of section 9 (2 R. S. 1876, p. 589) prescribes the rule of damages in a suit on a guardian's bond, namely, ten per cent. on the whole amount of the estate, both real and personal, in his hands belonging to such ward.

Section 13 of the same act enacts, that,

"Any bond given by any guardian, may be put in suit by any person entitled to the estate; and such suit shall be governed by the law regulating suits on the bonds of executors and administrators."

But we can not hold this as embracing the rule of damages declared by section 163, above cited. The Legislature has seen proper to prescribe a different rule of damages for the breach of an administrator's or executor's bond, (sec. 163, *supra,*) from that prescribed for the breach of a guardian's bond, (sec. 9, *supra,*) and as we cannot suppose that they intended to prescribe two different rules of damages for the breach of a guardian's bond, we must adhere to the rule laid down in the act touching the rela-

tion of guardian and ward, rather than to refer it to the rule declared in the act providing for the settlement of decedents' estates. The case of *Colburn* v. *The State, ex rel.,* etc., *supra,* as far as it approves the rule of damages on the breach of a guardian's bond therein laid down, is overruled.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.