BESCHER *v.* THE STATE, EX REL. HAMMANN.

GUARDIAN AND WARD.—*Action on Guardian's Bond.—Settlement of Trust. —Removal of Guardian.*—An action may be maintained on the bond of a guardian, by the ward, for a breach thereof, before the settlement of the estate or the removal of the guardian.

SAME.—*Relator.—Parties Plaintiffs.*—A joint and several bond, executed by the guardian of several wards, may be put in suit on the relation of any one of them, without joining the others as relators.

SAME.—*Parties Defendants.—Non-Joinder of Surety.*—An action on such bond may be maintained without joining the sureties therein as parties defendants.

SAME.—Where, in an action on the relation of one only of several wards, on their guardian's bond, it is alleged that credits allowed to the guardian, in his reports to the court, jointly against all the wards, should have been allowed, not against the relator, but against the other wards, the guardian of the latter may be properly made a party defendant.

SAME. —*Mistake.— Negligence.— Account Current.—Receipt.—Answer.—Evidence.* —Where, in an action on a guardian's bond, the complaint alleges mistake, negligence and waste on the part of the guardian, resulting in loss to the trust estate, an answer alleging that current settlements, covering

Bescher v. The State, ex rel. Hammann.

the matters in issue, had been made by the guardian and approved by the court, prior to his final settlement, is insufficient; and evidence is admissible to show the incorrectness of the vouchers filed with such reports.

SAME.—*Acceptance by Guardian of Promissory Note, as Payment of Money. due Ward.*—A guardian has no right, on settlement with an administrator or other person having funds belonging to the ward, to accept any thing but cash in payment of the amount due to his ward; and if he accept, as cash, a promissory note or other obligation, which proves worthless or is lost in collection, he is liable therefor on his bond.

SAME.—*Statute Construed.*—*Section* 114 *of Decedents' Estates' Act.*—Section 114, 2 R. S. 1876, p. 536, of the act in relation to the settlement of decedents' estates, authorizes only an adult legatee or heir, and not the guardian of a minor, to accept a chose in action as a payment.

SAME.—*Special Finding of Court.*—*Proceeds of Real Estate.*—*Damages.*— *Liability on Original Bond.*—*Presumption.*—Where, in the special finding of facts by the court, in an action on the original bond of a guardian, the court charges him with " an amount received from the sale of real estate," but it does not appear that such sum was realized from a sale by the guardian of his ward's real estate, and the evidence is not in the record, the Supreme Court, on appeal, will presume in favor of the finding.

SAME.—*Non-Joinder of Surety.*—The guardian is liable in an action on his original bond, for the proceeds of a sale. by him of his ward's real estate, where his surety is not joined with him as a defendant.

SAME.—*Exemplary Damages.*—*Stay of Execution.*—*Judgment.*—*Appraisement.*—The judgment in an action on the bond of a guardian may include ten per cent. on the amount due the ward, as damages, and may be rendered without stay of execution, or benefit of appraisement laws.

From the Wayne Circuit Court.

*C. H. Burchenal* and *M. Wilson*, for appellant.

*W. D. Foulke* and *L. D. Stubbs*, for appellee.

PERKINS, J.—Suit by the appellee, against the appellant, upon a guardian's bond.

The complaint is as follows :

" The State of Indiana, on the relation of Charles Hammann, plaintiff herein, complains of Anton Bescher, the defendant herein, and says, that, on the 1st day of February, 1867, the defendant, together with one Albert Schnurr, made and delivered to the clerk of the court of common pleas of said county their certain writing obligatory of that date, a copy of which, marked ' Exhibit A,' is annexed

hereto, and thereby bound themselves, jointly and severally, to the State of Indiana, in the penal sum of ten thousand dollars, with the following condition annexed thereto, to wit:

"'If the above bound Anton Bescher will faithfully discharge his duties as guardian of the person and property of Charles Hammann and Louisa Hammann, minor heirs of John W. Hammann, deceased, then the above obligation is to be void, else to remain in full force.'

"Said bond was accepted and approved by said clerk, and by said court; and after the execution of said bond, and on the same date, letters of guardianship were issued accordingly to said defendant, in pursuance of an order duly made by said court, and the said Anton Bescher duly qualified and took upon himself the burden of his trust as said guardian.

"The plaintiff says that the above named relator is the Charles Hammann named in said bond, and that said relator, as one of the distributees of the personal estate of the said John W. Hammann, deceased, was entitled to the sum of $10,000, on the distribution of said estate.

"1. And the plaintiff says, that said defendant did not faithfully discharge his duties as guardian of the person and property of said Charles Hammann and Louisa Hammann; that, as to $4,300 of the same, the said guardian negligently received in payment of the same worthless notes, the names of the makers of which are unknown to the plaintiff and to the relator, except one made by one Henry DuHuy, calling for $500, dated the 25th day of April, 1865, with interest from date, and another on one Benjamin Hauer and Frederick Paulus, dated November 15th, 1866, for $100, and another on one Frederick Paulus, dated June 1st, 1865, for $100, with 8 per cent. interest, and receipted the administratrix of said estate for the same, in full of the amount due the relator, and has failed

to collect said notes of the makers, and said distributee's share from said estate and from said administratrix. And the plaintiff says that the relator arrived at the age of twenty-one years on the 5th day of December, 1874, and that since that time he has demanded from the defendant payment of all sums due to him from said defendant as said guardian, and that the defendant refuses to account to him for said $4,300, or any part thereof, and that the same is now due and wholly unpaid to the relator.

" 2. And, for further breach of the condition of said bond, the plaintiff says, that there came to the hands of the said defendant, from the distribution of the personal estate of the said John W. Hammann, deceased, as said guardian of said relator and said Louisa Hammann, the sum of $8,000, and from the sale of the real estate of his wards the further sum of $4,000; that he blended the two sums together, so that their separate identity has been entirely lost; that he improvidently squandered and wasted $6,000 of the same, and converted the remainder, in violation of his trust, to his own use, one-half of which sums is now due and owing to the relator, and all and every part of which the defendant refuses to pay over to the relator. although often requested to do so by the relator, since his arrival at the age of twenty-one years.

" 3. And for further breach the plaintiff says, that, as to the sum of $800, due the relator as a part of the distributive share due to him from the estate of John W. Hammann, deceased, the said defendant neglected to collect the same from the administratrix of said estate, and that by reason of said negligence the same is lost, and that said defendant neglects and refuses to account for the same, or any part thereof, to the relator, although often requested so to do by the relator since he has arrived at the age of twenty-one years.

" 4. And, for further breach of the condition of said

bond, the plaintiff says, that the defendant, as said guardian, after the execution of said bond, received from the administratrix of said estate the sum of $9,000, being a part of the sum due the relator and the said Louisa Hammann from the said estate, that the said defendant fraudulently, corruptly and negligently paid out large sums of said money belonging to said wards to divers and sundry persons, a bill of particulars of which, marked ' Exhibit C,' is filed herewith, and wasted and squandered said estate, and that he filed his accounts current in the common pleas' court aforesaid on the 19th day of May, 1869, and on the 9th day of January, 1871, and at the April term of the Wayne Circuit Court, 1873, which were all approved by the said courts respectively, and to which reference is hereby made; the plaintiff says that the sums paid out for the benefit of Louisa Hammann largely exceed the amount paid out for the benefit of the relator; that all the sums paid out by the defendant for the benefit of the said Louisa, and all those paid out for the sole benefit of the relator, and all those for the joint use and benefit of both said wards, are charged to the said wards jointly, and no separate account has been kept or returned to court; and plaintiff says that large sums have been paid out by the defendant, fraudulently and corruptly and negligently and improvidently and wastefully, to persons the relator nor said defendant as guardian of the relator did not owe, and in excess of the true indebtedness which the relator or defendant as said guardian did owe, and are falsely and fraudulently charged to the relator in said accounts current, and interest thereon, a bill of particulars of which, marked ' Exhibit C,' is filed herewith, and the defendant, though often requested by the relator since he arrived at the age of twenty-one years, refuses to correct said accounts, or pay over to the said relator the sum that is due to him, or any part thereof.

" 5.    And, for further breach of the condition of said

bond, the plaintiff says, that the defendant, as such guardian, after the execution of said bond, received from the administratrix of said estate the sum of $9,000 in money, one bond of the United States of the value of $1,000, but the particular character, denomination and description of which is unknown to plaintiff, and nine promissory notes, one for $636, one for $24, one for $250, one for $600, one for $500, one other for $100, one other for $250, one other for $100, and one other for $500, and all of the value of $3,500, including accrued interest thereon, but by whom made, or to whom payable, plaintiff does not know; and which money, bond and notes were received as part of the sum due and owing to the relator from the estate of John W. Hammann, deceased, as a distributee of said estate, and the defendant sold, collected and otherwise disposed of said notes and bonds, and realized therefrom the sum of $5,000, which sum, together with said $9,000 in cash, the defendant converted to his own use, in violation of the trust so reposed in him, all of which is due and owing to the relator, and the defendant refuses to pay over the same, or any part thereof, to the relator, though often requested so to do by the relator since his arrival at the age of twenty-one years."

Demurrer to the complaint for want of facts to constitute a cause of action; and, secondly, on account of a defect of parties plaintiffs, in this, that Louisa was not joined as relatrix; and, thirdly, on account of a defect of parties defendants, in this, that said Albert Schnurr is not made a defendant.

The demurrer was overruled, and exception entered.

Answer in six paragraphs:

1. The general denial;

2. Payment;

3. That said "estate remains open and unsettled in said [Wayne Circuit] court, notwithstanding said defend-

ant has used due diligence, as aforesaid, to have the same settled as aforesaid." Further, it alleges payment.

Counsel for appellant say, in their brief, that the main purpose of this paragraph was to show that there had been no final settlement of the guardianship.

4.   That, " as to said sums alleged to have been wrongfully paid by said defendant, as set forth in said ' Exhibit C,' the defendant says, that, after making the payments, he, at divers times, to wit, at the May term, 1869, and the January term, 1871, of the Wayne Court of Common Pleas, and at the April term, 1873, of said Wayne Circuit Court, filed in said courts his several accounts current, under oath, in which he set forth and claimed credit for the said sums as paid, and filed therewith the proper vouchers for the same ; and the said courts, after due inspection of said several accounts, approved and passed the same, and ordered and adjudged that the said defendant should be credited with the amounts thereof respectively, which settlements and the said orders and judgments of said court thereon still remain in full force, and no exception has been taken thereto, which said settlements and said orders of court are hereby referred to.   Wherefore, as to said sums, the said defendant prays judgment.

5.   " That, since his appointment as such guardian, he has rendered services, as such guardian, in behalf of said relator, in the care and management of said estate, and in receiving and paying out the same, and caring for the said relator, which services were reasonably worth the sum of $800, one-half of which, to wit, $400, has been reported to and allowed by the court having jurisdiction of said estate, but the residue has not been so reported and allowed and remains unpaid, and all the residue of said estate due said relator has been paid out before the commencement of this suit, partly for and on behalf of said relator during his minority, for the necessary expenses of his mainte-

nance and education and the expenses of administration of
the estate, and the residue to him since arriving at his
majority.

6. That, " as to the said notes of Henry DuHuy, men-
tioned in said complaint, the defendant says, that, before
his appointment as such guardian, one Susanna Hammann,
the mother of said relator, was the administratrix of the
estate of John W. Hammann, the father of the relator,
and as such had in her hands all the estate coming to said
relator, an heir of his said father, and while she held said
estate, as such administratrix, she loaned out the money
of said estate to divers persons, and amongst others she
loaned a portion thereof to the said DuHuy, and took
the note referred to in said complaint, with certain sureties
thereon ; after taking said note the said Susanna, at the in-
stance of said DuHuy and without the knowledge or
consent of said sureties, altered the date of said note, so
that the same had a longer time to run, which alteration
was made by said Susanna in ignorance of the law, she not
knowing that the same'would in any way impair the lia-
bility of said sureties ; that afterward, when said Susanna
came to settle and turn over said estate to said guardian,
she turned over and delivered to said guardian the said
notes for money loaned, including said note of said Du-
Huy, which said notes were so turned over, and were so
received by said guardian, with the assent and approval
of the Wayne Court of Common Pleas, to which court
the said transaction was then and there reported." (No
copy of such report appears in the record, or is averred to
exist, and it is not shown who made the report.)

"At the time of so receiving said note, said guardian had
no notice or knowledge whatever of said alteration, and
the parties, both principal and sureties, were then good
and solvent, but, by the time the said note became due ac-
cording to its tenor, and before defendant had any knowl-

edge of said alteration, the said DuHuy failed and became wholly insolvent; that, at the first term of the court after said note became due, said defendant, as such guardian, brought suit thereon in the Wayne Court of Common Pleas, against said principal and said sureties thereon, and prosecuted the same with diligence, but the said sureties appeared and set up in defence the said alteration of said note without their consent, and, on the trial of the cause, judgment was rendered, in 1865, in favor of said sureties, and they were released, but judgment was rendered against said DuHuy for the principal and interest of said note; that defendant caused execution to be at once issued thereon, which execution was returned by the sheriff ' no property found,' and said judgment remains unpaid, said DuHuy being at all times since wholly insolvent; that said Susanna Hammann, at the time of taking said judgment, and for a long time after, had no property whatever, out of which any part of said claim could be made, but afterward, to wit, in ——, 1870, and as soon as defendant had knowledge of any property or means of said Susanna, out of which any part of said claim could be made, he placed the said note and claim in the hands of W. A. Peelle, Esq., an attorney in good repute, for the purpose of collecting against said Susanna; and afterward, to wit, on the —— day of ——, 1873, said Peelle, as such attorney, in the name of the defendant, brought suit against said Susanna in the Wayne Circuit Court, setting up the facts aforesaid, and claiming judgment against her for the amount of said note and interest; that such proceedings were had in said suit, that said Susanna filed a plea of the statute of limitations, and on final determination of the cause judgment was rendered, in 1874, in favor of said Susanna and against said defendant; that afterward, to wit, at the September term, 1875, of said circuit court, said defendant brought suit against said Peelle, alleging the facts

aforesaid concerning said note, and that the same had been by defendant placed in the hands of said Peelle for collection against the said Susanna, and that, by and through his negligence in prosecuting the said suit against her, judgment had been therein rendered against said defendant, and the collection of said claim had thereby been defeated, and such proceedings were thereon had, that, at the said September term, 1875, a trial of said cause was had, and judgment thereon rendered in favor of said Peelle and against said defendant. Defendant says that he has, as aforesaid, used due diligence and made every effort to collect said claim, and the same is worthless and insolvent. He says, that, in his inventory as such guardian, and in his settlements made to the court, he charged himself with the amount of said note, and now stands charged therewith, with the interest accrued thereon, amounting to the sum of $1,000, no part of which ought to be charged against him, and he asks now to be released therefrom, and credited therewith." ·

. Separate demurrers to the second and fifth paragraphs were overruled, and sustained to the third, fourth and sixth, and exceptions reserved.

Reply to the second and fifth paragraphs:

1.   General denial ;

2.   To the fifth paragraph, payment.

Trial by the court; special finding of facts and conclusions of law thereon; exception.

Motion for a new trial overruled, and judgment for the plaintiff in the sum of ten hundred and ninety-three dollars and fifteen cents, with ten per cent. thereon in damages, making in all twelve hundred and two dollars and forty-six cents.

Exceptions were duly entered.

The bill of exceptions shows that the court admitted

evidence impeaching some of the vouchers on file, which were given in evidence by the appellant.

At the request of the parties, the court made a special finding of the facts in the case, and of the conclusions of law thereon, as follows, viz.:

" 1st.   That, on the 1st day of February, 1867, said defendant was, by the Wayne Court of Common Pleas, appointed guardian of the estate of said plaintiff and of Louisa Hammann, minor heirs of John W. Hammann, deceased, and that letters of guardianship were issued to him as such; that, on said day, said defendant and Albert Schnurr executed a bond, whereby they bound themselves in the penal sum of $10,000, conditioned for the faithful performance by said guardian of his duties as such guardian.

" 2d.   That, on the 19th day of November, said guardian filed in the Wayne Court of Common Pleas his first account current, showing the amounts of money in hand as guardian of said minors, and the expenditures he made on behalf of the estate, by which the court finds that he had on said day:

Amount received from sale of real estate, with
 accrued interest.............................................$3,357.18
Amount received from the administrator of said
 John W. Hammann's estate, and the accrued
 interest thereon.........    ............................,.......$4,820.68
Making a total in the hands of said guardian, due
 said wards, of..............................................$8,177.86

One-half of which was due to said plaintiff, and
 that said defendant is chargeable with the
 amount due said plaintiff on that date............$4,088.93

That of the credit claimed of $479.89 in voucher
 1 of said account current, said plaintiff can be
 charged with only...........................................  $226.82
Interest on this credit......................................    $7.08

That voucher 2 of said account current was p.id
for sodding the grave of John W. Hammann,
deceased, is not a proper credit to said defendant.

That voucher 4 of said account was expenditures
for plaintiff's schooling in Germany, and is a
credit in favor of the defendant..............    ...    $75.84

Interest on same to date of that account current...    $6.88

That one-half of vouchers 5, 6, 7 and 8, of said
account, is a proper credit in favor of defendant..    $40.95

Total credits........................................ ..........    $357.57

Which, deducted from the amount with which he
stands charged, would leave a balance against
said defendant, on that date, of..............: ....... $3,731.36

That, on the 9th day of January, 1871, said defend-
ant filed in the Wayne Court of Common Pleas
his next account current; and the court further
finds that defendant, at that date, was chargea-
ble with the balance due plaintiff at the first
settlement .............................................$3,731.36

Interest from that settlement, January 29th, 1869,
to January 9th, 1871...............:.................. $725.52

Total charges .......................................$4,456.88

Of the credits claimed in said account current, the
court finds the following to be proper charges
against plaintiff's estate : By one-half of amount
paid Grose, succession tax ....... ................... $15.00

Interest on same......................................    4.26

Amount paid Elizabeth Harbely....................  $278.44

Interest on same.....................................   16.24

One-half clerk's costs.................................     .92

                                                       $314.86

" The credits above include no attorney's fees.

" While all the attorney fees claimed in the first account current were allowed, the court finds from the evidence that the services of John H. Popp, instead of being of value to the estate of the said wards, have been injurious; and that the second account current, drawn and presented by said Popp, shows, that, while he was acting as an attorney for the estate, he was at the same time acting as an attorney for the largest claimant against the estate. This, the defendant was bound to know, was illegal.

" Deducting the credits allowed from the charges, it shows a balance due plaintiff's estate, on the 9th day of January, 1871, of $4,142.02.

" The court finds that said defendant filed his next account current on the 29th day of April, 1873. The court finds that the $50.00 paid W. A. Peelle was not for services rendered said estate.

" In voucher No. 29, $4.00 was a payment for plaintiff, and defendant is credited with that amount—$4.00.

" Voucher No. 30, $29.19, one-half of which is a proper credit to defendant—$14.59.

" The court finds that the attorney's fees allowed by the court were upon a misapprehension of the facts; that from the evidence $125 would be an ample fee to John H. Popp, for all the service he has rendered, even if it had been beneficial to the estate; as a credit of the half of $63.50 has already been allowed as against plaintiff, deducting the $63.50 from $125 would leave $61.50, the half of which would be a proper charge against the estate of plaintiff—$30.75.

" Guardian's allowance, $150, one-half of which is chargeable to plaintiff—$75.00.

Clerk's fees $2.50, one-half of which is

    chargeable to plaintiff...................... .   1.25

                                    $125.59 · $5,096.97

Deduct credits from charges leaves bal-
  ance due from defendant to plaintiff's
  estate, April 29th, 1873,..... ............. $4,971.38
Interest on said balance from April
  29th, 1873, to 29th day of March, 1876. $1,449.96
Amount due, exclusive of credits......................$6,421.34.

"The court further finds, that, since April 29th, 1873, to April 9th, 1875, the defendant has paid the amounts following, which are proper credits in his favor against the estate of plaintiff, to wit:

Nov. 7th, 1874, taxes $34.04, one-half
  to be credited.................... ....... ...    $17.02
Interest on same to date. .................. .    2.42
January 5th, 1875, amount paid W. W.
  Dudley for plaintiff.......................    250.00
Interest on same to date....................    30.02
March 16th, 1874, taxes $115.15, one-
  half to be credited........................    57.57
Interest on same to date......... ..........    11.66
January 29th, 1874, taxes $66,56, one-
  half to be credited.......................    33.28
Interest to date...........................    7.19
January 29th, 1875, taxes $101.14, one-
  half................. ......................    50.57
Interest to date................:............    5.89
April 20th, 1874, taxes $34.03, one-half..    17.01
Interest ..................... ...................    3.31
December 30th, 1874, amount paid W.
  W. Dudley for plaintiff.................    700.00
Interest to date......................... .....    87.50
December 30th, 1874, amount paid W.
  W. Dudley for plaintiff.................    1,900.00
Interest to date..................... ........    237.50
February 1st, 1875, amount paid W. W.
  Dudley for plaintiff....................    1,200.00
Interest on same........................    139.75

Bescher *v*. The State, *ex rel.* Hammann.

| | |
|---|---|
| Allowance................................................. | 100.00 |
| Amount paid plaintiff April 26th, 1875.. | 437.40 |
| Interest to date................................... | 40.10 |

$5,328.19

$6,421.34

"Amount due plaintiff..................... $1,093.15

"And the court further finds, that said plaintiff, before the commencement of this suit, demanded of said defendant that he should make a settlement of his trust as his guardian, and pay to him the balance due him from said defendant, and defendant refused so to do.

"The court finds, as a conclusion of law, from the above facts, that the plaintiff is entitled to recover of the defendant the sum of $1,093.15, with damages thereon to the amount of $109.31, and that the same be collected without stay of execution or benefit of the valuation or appraisement laws of this State."

Defendant excepted to the conclusion of law.

Motion for a new trial overruled. Exceptions. Appeal.

The errors assigned, on appeal, are as follows:

1. The court erred in overruling the defendant's demurrer to the complaint, and to each paragraph thereof;

2. The court erred in sustaining the plaintiff's demurrer to the third, fourth and fifth paragraphs of the defendant's answer;

3. The court erred in the conclusions of law upon the facts as specially found by the court;

4. The court erred in overruling the defendant's motion for a new trial;

5. The court erred in rendering judgment against the defendant for $109.31, being ten per cent. damages on the amount found to be due from defendant to plaintiff;

6. The court erred in rendering judgment against the defendant without benefit of valuation or appraisement laws; and,

7. The court erred in ordering said judgment to be collected without stay of execution.

We proceed to consider the errors assigned:

1. The appellant claims that the suit is prematurely brought, that it will not lie till there has been a settlement of the estate, or the guardian removed, and that his sister Louisa, a younger ward of the same guardian, and still a minor, is a necessary party.

All these objections are answered by the case of *Heady* v. *The State, ex rel., etc.,* 60 Ind. 316, and cases cited. We insert extracts from the opinion in that case:

"It is furthermore claimed by the appellants, that the relator could not maintain an action against the executors upon their bond, until he had procured a judgment, or otherwise exhibited and established his claim against them; and to this point the case of *Eaton* v. *Benefield,* 2 Blackf. 52, and some earlier Indiana cases, as well as some cases from other States, are cited.

"The case of *Hunt* v. *White,* 1 Ind. 105, may be cited upon the same point. But the earlier cases in Indiana, to that effect, were overruled by the case of *The State* v. *Strange,* 1 Ind. 538. See the cases of *The State* v. *Railsback,* 7 Ind. 634, and *The State* v. *Hughes,* 15 Ind. 104.

"It is now held, that the statute authorizing such suits dispenses with the necessity of having previously established such clam; and there was no necessity that the executors should have been removed, before bringing the action. *Owen* v. *The State,* 25 Ind. 371."

The rule on this point, as to suits on administrators and guardians' bonds, is the same.

"It is insisted, that, if the two sons of the testator, Thomas J. Heady and the relator, could maintain an ac-

tion at all against the executors, for a failure to appro-
priate the interest on the specified money to their educa-
tion, the action must be joint, in favor of both of them;
and that an action can not be maintained on the relation
of one alone.

"We do not think that the right of the two sons was a
joint right, but a several one.   Perhaps, in some actions,
for some purpose, they might have joined ; but it is clear,
as we think, that their rights were several, in the very
nature of the case." *Colburn* v. *The State*, 47 Ind. 310.

It may properly be here observed that the guardian of
Louisa, the infant ward, was a party defendant to the suit.

If the guardian's accounts have not been so kept as to
protect him, he must answer to the wards severally, at
the proper time, for the amount due them.

The complaint was sufficient, and the proper parties
were made to the suit.

2.   Error in sustaining the demurrers to the third, fourth
and sixth paragraphs of answer.

What we have said upon the first assignment of error
shows that the court did not err in its ruling on the de-
murrer to the third paragraph of answer.   This paragraph
is pleaded upon the theory that action can not be brought
upon the bond till the estate is settled, etc., or the guardian
has been removed.

The fourth paragraph  relies upon the current settle-
ments prior to the final settlement, made by the guardian
with  the probate court, as conclusive  in a suit upon his
bond, charging mistake, negligence, waste, and loss to the
trust estate thereby.   Such settlements are not conclusive.
*The State* v. *Wilson*, 51 Ind. 96; *Johnson* v. *McCullough*, 59
Ga. 212.

These cases decide, also, that there was no error in the
admission of the testimony set forth in the bill of excep-
tions, showing incorrectness in the vouchers in the current
settlements of the guardian, prior to the final settlement.

The sixth paragraph is of the same character. It sets up what we may denominate interlocutory orders, not a final settlement. It also sets up that the appellant received a worthless note from the administratrix of the estate of Hammann, deceased, which note she had taken upon a loan of the money of the estate by her, and which the appellant received without making, so far as appears, any inquiry as to its validity, and charged himself with it as money, and now asks to be credited therewith, as worthless, in his account as guardian, after the time has gone by when the sureties on the bond of the administratrix would be liable for her default.

The court did not err in sustaining the demurrer to this paragraph. Aside from the question of negligence, which seems to be against the defendant (appellant), we are satisfied the appellant violated his duty as guardian in receiving said note, and that he is now liable for its amount in cash. He shows no just cause for being credited with its amount. It was the duty of the administratrix to make final settlement of the estate, and to account for and pay over in cash any surplus remaining after payment of debts, etc.  2 R. S. 1876, p. 543, sec. 137.

But section 114, p. 536, 2 R. S. 1876, provides:

" If, at the time of final settlement, all the claims against such estate, except legacies, be paid, and there remains due such estate any uncollected claim, if any legatee or heir whose share does not exceed the amount thereof will accept it in payment of so much of his share, the same shall be assigned or delivered to him by the executor or administrator, and the estate shall be finally settled."

The legatee or heir must, of course, be an adult, to enable him to accept; and that action of the court could not validate what the statute did not permit. There is no provision, so far as we are advised, authorizing a guardian to

take such claims; and, if he does so, he takes them at his risk.

We have authorities on this point.

In *The State* v. *Womack*, 72 N. C. 397, it is decided, that:

" A guardian is liable not only for what he does receive, but for what he ought to receive; and if he ought to receive a certain amount in money, and does not, but takes something else, his own bond for instance in the place of money, he and his suerties are liable."

In *Cranford* v. *Brewster*, 57 Ga. 226, it is decided, that:

"Where an administrator, who was also the guardian of his intestate's children, charged himself, as guardian, with having received from himself, as administrator, a certain sum in cash, he can not plead and prove, in defence to an action on his bond as guardian, that the amount so charged as cash was in fact made up of notes on divers persons who were solvent at the time, but had since become insolvent, and that with some of the notes he purchased slaves in his own name in order to save the debts, and that such negroes had become valueless on account of emancipation."

See *Jones* v. *Jones*, 20 Iowa, 388; 3 Wait's Actions & Defences, p. 539; *Lane* v. *Mickle*, 46 Ala. 600. In this case it was decided, that:

" A guardian who receives in payment of a solvent debt, due to his ward, the note of a third person instead of money, receives the same at his peril, and if he fails to collect said note, and the maker becomes insolvent, must, on his final settlement, be charged with the amount of the debt, and interest on the same, from the time it was due, although he may have used due diligence to collect said note."

The court did not err in sustaining the demurrers to the third, fourth and sixth paragraphs of answer.

The guardian is not entitled to be credited in his account with the amount of the worthless note he received

and charged himself with as cash. He took it at his peril.

4. The court did not err in its conclusions of law upon the facts. The point is here made that the court erred in charging the defendant with the proceeds of the sale of real estate. It is not shown that such proceeds were from the sale of real estate by appellant; and it is only the proceeds of such a sale that the guardian is not chargeable with, in a suit upon his original bond as guardian. *Colburn* v. *The State*, 47 Ind. 310. The evidence is not in the record. We presume in favor of the action of the court. It is not shown to be erroneous.

The court did not find that the guardian, on his own application as such, sold any real estate, from which he received proceeds.

Further, this suit is against the guardian alone. His surety is not sued. The guardian would probably be liable for this money without the existence of any bond. If he gave a bond on the sale of real estate of the wards, and received the money on such sale, he would be liable on that bond. It is not material to him on which bond he is held liable. No equity calls for a reversal of the judgment in this case. Besides, the guardian may have paid out, for the wards, the amount he received as proceeds of sale of real estate.

5. The court did not err in overruling the motion for a new trial. The evidence is not in the record, and the court committed no error in admitting evidence establishing the incorrectness of the vouchers on file.

6. The court did not err in rendering judgment for ten per cent. on the amount found due, and without relief, etc., *Potter* v. *The State*, 23 Ind. 607; and without stay of execution. 2 R. S. 1876, p. 552; *Richardson* v. *The State*, 55 Ind. 381.

The non-joinder of Schnurr, as a defendant, is not noticed in the brief of the appellant, and is therefore waived.

The judgment is affirmed, with costs.