HIPES ET AL. *v.* THE STATE, EX REL. SHIRK ET UX.

GUARDIAN AND WARD.—*Action on Bond.—Measure of Damages — When Uncollected Assets can not be charged against Guardian.*—In an action on a guardian's bond, for an alleged failure of the guardian to account for, and pay over. to the ward, assets belonging to the ward, alleged to have come into the hands of the guardian, the evidence showed that the assets consisted of certain promissory notes executed to the guardian by the surety of the ward's former guardian, in settlement of the ward's estate in his hands on settlement of his trust, one of which notes had not yet become due, whilst the others had been duly collected.

*Held,* that the amount of such unmatured note could not be included in the damages assessed.

From the Henry Circuit Court.

*D. W. Chambers, E. Saint, J. T. Mellette* and *E. H. Bundy,* for appellants.

*M. E. Forkner* and *W. Grose,* for appellees.

NIBLACK, J.—This was an action by the State, on the relation of Barbara Shirk, formerly Barbara Kinsey, and her husband, John Shirk, against Mary Hipes, Marshall Hipes and John Hipes, on a guardian's bond.

The action was commenced on the 13th day of April, 1877. The complaint charged that on the 7th day of September, 1874, the defendant Mary Hipes was appointed guardian of the person and estate of the said Barbara, she, the said Barbara, being then a minor, and that the bond sued on was executed by the said Mary Hipes as principal, and by the other defendants as sureties, to secure the faithful discharge of the duties arising out of such guardianship ; that there immediately came into the hands of the said Mary Hipes, as such guardian, the sum of three thousand dollars belonging to the said Barbara, which had ever since been loaned at ten per cent. interest; that the said Barbara was then over twenty years of age, and had intermarried with said John Shirk, who was over twenty-one years old.

The breach assigned was, that the said Mary Hipes had

failed and refused to account for, and to pay over to the said Barbara and her husband, or either of them, the funds in her hands as such guardian, although specially requested so to do.

The defendants answered in general denial. Also, setting up a set-off in favor of the defendant Mary Hipes, in two or three different forms. Issue being joined, the cause was submitted to the court for trial. The court found in favor of the plaintiff, and assessed the damages at two thousand three hundred and sixty-three dollars and seventy cents, and, over a motion for a new trial, rendered judgment against the defendants, upon the finding.

One of the causes assigned for a new trial was, that the finding was not sustained by sufficient evidence, and another was, that the damages, as assessed, were excessive. Error is assigned in this court upon the overruling of the motion for a new trial.

It was made to appear upon the trial that the only assets which came into the hands of the said Mary Hipes, as guardian as above stated, consisted of three promissory notes for about $833.33 each, executed by one J. R. Howard on said 7th day of September, 1874, and payable to the said Mary Hipes, as such guardian, the first in one year, the second in two years, and the third in three years from date, all with ten per cent. interest; that said notes had been procured and turned over to her by one James Kinsey, the father of the said Barbara, and the son-in-law, or former son-in-law, of her, the said Mary Hipes, who had been the previous guardian of the said Barbara; that two of the notes, being the two first due, had been collected, but that the remaining note, not having yet become due, had not been collected when this suit was commenced, nor at the time of the trial.

Concerning the origin and the consideration of those

notes the said James Kinsey testified as a witness as follows:

"When I made my settlement as guardian of Barbara, I handed to my mother three notes on Howard for $833.33 each. He came with the notes to me and handed them to me. He delivered me the notes. I handed them to her in Shroyer's store. They were given for the balance against me on my settlement, by Howard, because he was surety on my bond. I think they were given about the same time I resigned. They were given to enable me to resign. I can not recollect whether they were given after the settlement or before. They were executed to enable me get discharged."

An examination of the evidence makes it apparent that the court must have taken the remaining uncollected note upon Howard into consideration, and have included the amount of such note in the assessment of the damages against the defendants. In that we think the court erred.

The breach assigned upon the bond in this case was not that Mrs. Hipes had negligently or improperly accepted unsecured notes from her predecessor in the trust instead of money, nor was it that she had wrongfully or unlawfully accepted a note in lieu of money, which would not be due and payable until sometime after her ward would become of full age, but simply that she had failed to account for and pay over the assets which she had received.

Upon the issue tendered by, and formed upon, the breach thus assigned, the chief inquiry was whether Mrs. Hipes had unlawfully failed to account for, and pay over, any of the assets which had come into her hands belonging to the said Barbara, assuming, as the complaint in effect did, that those assets had rightfully come into her hands. When, therefore, it was made to appear that a portion of the assets thus rightfully in the hands of Mrs. Hipes consisted of an uncollected note not yet due, it was not shown that

she had unlawfully failed to account for, and pay over, the amount of assets represented by that note.

For these reasons we are of ,the opinion that the finding of the court was not sustained by sufficient evidence, and that the damages assessed were excessive; and that, consequently, the court erred in refusing to grant a new trial. See *Sanders* v. *The State*, 49 Ind. 228, which is, in some respects, an analogous case. Other errors are assigned upon the proceedings below, and the questions raised by such other errors have been discussed by counsel; but, in our judgment, what we have said sufficiently disposes of this case at the present hearing.

The judgment is reversed, at the costs of the relator and relatrix, and the cause remanded, for further proceedings..

Opinion filed at May Term, 1879.
Petition for a rehearing overruled at November term, 1879.