No. 12,507.

THE STATE, EX REL. McINTOSH, *v.* GREENSDALE ET AL.

GUARDIAN AND WARD.—*Acceptance by Guardian of Note Payable to Predecessor Individually.*—*Liability.*—A guardian has no right to accept as part of his ward's estate a promissory note payable to his predecessor in the trust in his individual capacity, and if he does accept such note, and it

proves to be uncollectible, he is liable to the ward on his bond. *Richardson* v. *State, ex rel.*, 55 Ind. 381, doubted and distinguished.

From the Washington Circuit Court.

*A. Elliott*, for appellant.

*S. B. Voyles* and *H. Morris*, for appellees.

ELLIOTT, J.—The complaint is founded upon a guardian's bond executed by the appellee Greensdale as principal, and the other appellees as sureties.

The fourth paragraph of the answer contains these allegations: That Isaac C. Boyden was the guardian of the relator, McIntosh, prior to the appointment of Greensdale; that while Boyden was such guardian, he lent $172 of his ward's money to Isaac Kochenour and received from him a promissory note therefor, with Thomas Vance as surety; that when Greensdale accepted the note the makers were the owners of a large amount of real and personal property and were solvent; that some time after the acceptance of the note, Boyden died, and Greensdale was appointed his successor as guardian of the relator; that the note which was payable to Boyden, not having matured, came to the hands of Greensdale as part of the assets of his ward's estate; that it was accepted "not in lieu of money, but in the condition in which it then was;" that when the note became due suit was brought on it, judgment recovered, and execution issued; the execution was returned "no property found," whereupon the appellee Greensdale instituted an action as guardian to set aside conveyances of property made by Kochenour and Vance, on the ground that they were made for the purpose of defrauding creditors. To this answer a demurrer was addressed, and upon the ruling of the court against the relator on the demurrer, error is assigned.

The position of the relator's counsel is: That as Boyden took the note of Kochenour and Vance, payable to himself personally and not as guardian, the note was no part of the ward's estate, and should not have been so received by

Greensdale. It is undoubtedly the general rule that a guardian who takes a note payable to himself can not, in case the makers of the note prove insolvent, escape liability to his ward by asserting that the money loaned was that of the ward. The policy of the law is to compel guardians to keep their ward's money separate, and not commingle it with their own. This is a wise policy and is the only one that will justly protect the estates of infants and prevent wrongs and abuses. If a guardian were permitted to assert that a note payable to him personally was that of his ward, then a way would be made easy to grave frauds, since it would be easy to assert that the money lost by the unfortunate investment was the ward's and not the guardian's. On the other hand, if an investment of the ward's money should be made in the guardian's name and should prove profitable, the guardian might readily claim it as his own and thus deprive his ward of a right justly his. It is to prevent such wrongs that the law requires the guardian, when he invests his ward's money, to take notes in his trust capacity. It is no doubt true, that where a guardian, administrator or receiver, or, indeed, any trustee of like character, acts with ordinary care and in good faith, and either lends money or deposits it in bank and takes an evidence of the loan or deposit payable to himself as guardian, administrator, receiver, or the like, he is not responsible for the loss of the money so loaned or deposited. *Norwood* v. *Harness*, 98 Ind. 134 (49 Am. R. 739) ; *Marquess* v. *La Baw*, 82 Ind. 550, see p. 553; *Sanders* v. *State, ex rel.*, 49 Ind. 228.

If there had been any words added to Boyden's name denoting that the note was payable to him in a trust capacity, then, doubtless, the note might be treated as part of the trust estate, for words which show that the investment was kept separate from the personal estate of the trustee will prevent the operation of the rule, making the trustee liable where he fails to keep the trust money separate from his own. *Bundy* v. *Town of Monticello*, 84 Ind. 119; *Shaw* v. *Spencer*, 100

Mass. 382; *National Bank* v. *Insurance Company*, 104 U. S. 54.

In this case, however, there was nothing to mark the evidence of indebtedness as belonging to the estate of the ward; on the contrary, the note on its face evidenced a debt due to Boyden in his own right. The case, therefore, falls within the rule thus stated by an American author: "Money temporarily in the guardian's hands should be deposited in some responsible bank. But wherever placed and however invested, the trust funds should be separated, by distinguishing marks, from his private property; exceptions occurring, however, in some cases of a temporary deposit, as for instance where the money is left in one's iron safe with his private valuable papers for no unreasonable length of time and under circumstances imputing to him no want of ordinary prudence and diligence, either in placing and keeping it there in that condition, or in pursuing the thief who took it out. Otherwise, he would be personally liable for loss." Schouler Dom. Rel., section 352. At another place in the same section it is said: "So, if he purchases stock or takes a promissory note in his own name it will be treated as his own, but not, necessarily, to the ward's prejudice, for it might otherwise be clearly identified and traced as the ward's property." This is undoubtedly the general rule.

The note which Greensdale accepted was, therefore, not a part of the assets of his ward's estate; hence it was a breach of duty for him to accept it. If it was not part of the ward's estate, it is clear on principle that he was guilty of a violation of duty in taking it from the estate of his predecessor, and this doctrine has been expressly asserted by this court. *Bescher* v. *State, ex rel.*, 63 Ind. 302. In that case it was held that a guardian had no right to accept as part of his ward's estate a promissory note payable to his predecessor, and as sustaining the ruling the court cited *State* v. *Womack*, 72 N. C. 397, *Cranford* v. *Brewster*, 57 Ga. 226, *Jones* v. *Jones*, 20 Iowa, 388, *Lane* v. *Mickle*, 46 Ala. 600. These decisions are de-

cisively against the appellees. They, however, rely upon the case of *Richardson* v. *State, ex rel.*, 55 Ind. 381, which is the only authority cited by them. That case is of doubtful soundness, and the point relevant to this discussion seems to have been decided without much consideration and without any discussion of the authorities. Conceding, however, that it was well decided, it docs not rule here, for all that was there decided that bears upon the present case was, that if a guardian takes a note for money of his ward payable to himself, it is not a conversion of his ward's estate, but is mere evidence of conversion. Here the question is, has a guardian who succeeds another a right to take as part of his ward's estate a promissory note payable to his predecessor individually? and there was no such question in that case. We regard it as clear, on principle and authority, that a guardian has no right to take as money such a note, and thus imperil his ward's estate.

Judgment reversed.

Filed May 19, 1886.